## UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA LAFAYETTE DIVISION

Daniel Weiskopf, Elizabeth Weiskopf,

      Plaintiffs,

v.

Tiny Cocoons, Inc., Yinan Liu, also known as Chloe, Chris Baer,

      Defendants.

Case No. 4:23-CV-71

---

## DEFENDANTS' RESPONSE TO PLANTIFFS' AMENDED COMPLAINT

This response is made by the Defendants, Yinan ("Chloe") Liu and Christopher Baer,

      **1. Response to Claim 1**: Breach of contract, fraud, unjust enrichment, conversion, deception, and piercing of the corporate veil.
Defendants categorically deny all allegations of breach of contract, fraud, unjust enrichment, conversion, deception, and any basis for piercing the corporate veil. Plaintiffs have mischaracterized the facts and misrepresented the situation. Defendants complied fully with the contractual terms, consistently adhering to the agreement until Plaintiffs unilaterally and improperly canceled the project without justification.

- **Exhibit A**: The contract, which clearly defines both parties' responsibilities and acknowledges that external factors, including material availability and costs, could impact the project timeline. Defendants strictly adhered to these terms.
- Defendants maintained constant communication with Plaintiffs regarding delays caused by unforeseen material shortages. For example, key materials such as windows and a mini-split unit were not available, making it impossible to progress with both the exterior and interior construction. This is a standard construction procedure in the industry, where windows must be installed before exterior finishes and interior elements like insulation and wall panels can proceed.
- **Exhibit B**: Contains emails documenting consistent and timely communication between Defendants and Plaintiffs, clearly informing them of these material delays well before they chose to cancel the project.
- Conclusion: The delays were the result of external factors, which were appropriately communicated to Plaintiffs. Defendants operated entirely within the scope of the

agreement, and any suggestion of piercing the corporate veil is irrelevant and without basis, as all business practices were transparent and in full compliance with the law.

**2. Response to Claim 2**: Defendants agreed to build and provide Plaintiffs with a tiny house, with promises to deliver the tiny house within approximately 3 months.
Defendants admit the existence of a contract but firmly deny the allegation that they guaranteed delivery of the tiny house within exactly three months. The timeline was clearly communicated as an estimate, contingent on material availability, customizations, and changes requested by Plaintiffs, all of which significantly impacted progress. Plaintiffs were fully aware of these factors from the outset.

- **Exhibit C**: Emails, documenting changes and customizations that were requested by Plaintiffs, further extending the timeline.
- **Exhibit D**: Email, proving that Plaintiffs canceled the project while the house was in the final stages of construction, effectively obstructing the completion of the contract.

**3. Response to Claim 3**: Defendants made numerous false representations to obtain the Plaintiffs' money.
Defendants categorically deny making any false representations. At no point during the project were Plaintiffs misled. Defendants provided clear, truthful, and transparent updates regarding costs, materials, and the status of the tiny house throughout the entire process. Plaintiffs were kept fully informed, both through written communications and in-person site visits, during which they personally observed the progress being made.

- **Exhibit E**: Itemized invoices related to the design service and construction service of plaintiffs tiny house, reflecting transparent accounting of costs and expenses.
- **Exhibit F**: Photos and videos that document the ongoing progress of the tiny house, which were provided to Plaintiffs. Additionally, during two site visits on, Plaintiffs witnessed the construction firsthand and were briefed on material delays, including the shortage of windows and the mini-split unit.

Conclusion: Defendants acted in good faith throughout the project, keeping Plaintiffs fully informed of all aspects of the build, and there is no basis for allegations of false representations.

**4. Response to Claim 4**: For over a year, Defendants did not perform as promised, and Defendants have kept—refusing to return—nearly $100,000 of Plaintiffs' money.
Defendants emphatically deny these allegations. The assertion that Defendants failed to perform over the course of a year and wrongfully withheld funds is entirely false. Defendants performed in accordance with the contract until Plaintiffs prematurely canceled the project. The funds retained were for legitimate expenses incurred for labor and materials, which were already purchased and applied to the project.

- Defendants will present witness testimony from contractors, confirming that labor was completed according to schedule.
- **Exhibit E**: Bank records and invoices demonstrating payments made from Tiny Cocoons to Baer Enterprise (Chris Baer), matching the amounts required to fund the build,

**5. Response to Claim 5**: Plaintiffs became aware of Defendants' alleged scheme, demanded a refund, but Defendants refused and stopped communicating.

Defendants vehemently deny the existence of any scheme and reject the notion that communication with Plaintiffs was stopped. Defendants consistently communicated with Plaintiffs, providing updates on material shortages and the project's progress. Plaintiffs unilaterally canceled the contract while construction was actively in progress, which invalidates their claim for a full refund.

Evidence:

- **Exhibit B**: Defendants' email records, which show ongoing communication with Plaintiffs regarding progress and material shortages.
- Plaintiffs received regular updates, including verbal briefings during their site visits. There is no basis to the claim that communication was halted.

**6. Response to Claim 6**: Plaintiffs seek compensatory damages in the amount of $97,905.00, plus attorneys' fees, costs, prejudgment interest, punitive damages, and such other relief as this Court deems just and proper.

Defendants deny that Plaintiffs are entitled to these damages. The amount claimed is unjustified and grossly inflated. Payments made by Plaintiffs covered work that was already completed and materials purchased, many of which were non-refundable. Plaintiffs cannot claim damages for work that was prevented from being completed due to their own premature cancellation of the project.

Evidence:

- **Exhibit E**: Detailed invoices and receipts showing that funds were spent on contract service to build the tiny house up until the point of cancellation. The payments made by Plaintiffs reflect legitimate expenses, and any claim for additional damages is without merit.

**7. Response to Claim 7**: The Weiskopfs are individuals comprising a marital community residing in Seattle, Washington.

Defendants do not contest Plaintiffs' residency.

**8. Response to Claim 8**: Defendant Yinan ("Chloe") Liu is an individual residing, on information and belief, in West Lafayette, Tippecanoe County, Indiana.

Defendants confirm that Yinan Liu resides in West Lafayette, Indiana.

**9. Response to Claim 9**: Defendant Christopher Baer is an individual residing, on information and belief, in Wolcott, White County, Indiana.

Defendants clarify that Christopher Baer resides in West Lafayette, Indiana.

**10. Response to Claim 10**: Defendant Tiny Cocoons is a corporation incorporated under the laws of the State of Delaware, with its principal place of business identified as Brookston, White County, Indiana.

Defendants confirm the corporate status of Tiny Cocoons and clarify that its principal place of business is in West Lafayette, Indiana.

**11. Response to Claim 11**: Ms. Liu and Mr. Baer were partners in the Tiny Cocoons venture and both controlled and operated Tiny Cocoons.

Defendants strongly deny that Ms. Liu and Mr. Baer jointly operated Tiny Cocoons as partners. Ms. Liu solely managed Tiny Cocoons. Baer Enterprise, owned by Mr. Baer, was contracted as a separate entity to build the tiny house. Mr. Baer operated solely in his capacity as a contractor.

Evidence:

- **Exhibit E**: The contract between Tiny Cocoons and Baer Enterprise, which documents the independent contractor relationship between the two entities.

**12. Response to Claim 12**: The matters in controversy complained of herein exceed $75,000.00, exclusive of interest and costs, and are between citizens of different states.

Defendants do not dispute the amount in controversy but deny Plaintiffs' entitlement to the claimed amounts, as they canceled the project prematurely, forfeiting any claim to additional compensation.

**13. Response to Claim 13**: A substantial part of the events or omissions giving rise to the Weiskopfs' claims occurred in White County, within the Northern District of Indiana, Lafayette Division.

Defendants agree that White County is the primary location of the events related to this case.

**14. Response to Claim 14: The Court has jurisdiction pursuant to 28 U.S.C. § 1332.**
Defendants do not contest the Court's jurisdiction under 28 U.S.C. § 1332.

**15. Response to Claim 15: Venue is proper pursuant to 28 U.S.C. § 1391.**
Defendants do not contest that venue is proper under 28 U.S.C. § 1391.

**16. Response to Claim 16:**

Plaintiff's Allegation:
The Weiskopfs were deciding on Tiny House builders based on price and timing—the Weiskopfs wanted to obtain a Tiny House quickly for immediate use on their property in Washington State while they were building a permanent home.

Defendant's Response:
Defendants admit that the Weiskopfs were seeking a tiny house builder, but deny any specific guarantee of expedited completion beyond the timeline stated in the contract. The discussions regarding price and timing were clearly communicated as subject to material availability, customizations, and unforeseen circumstances, all of which were detailed during the negotiation process. The agreed delivery date was an estimate, not a guarantee.

The timeline was discussed with full disclosure of potential material shortages and supply chain issues, especially given market conditions at the time. Plaintiffs were aware that obtaining certain materials promptly, particularly customized components, was beyond Defendants' control.

## 17. Response to Claim 17:

Plaintiff's Allegation:
The Weiskopfs identified Tiny Cocoons via the website at https://www.tinycocoons.com/ (the "Tiny Cocoons website").

Defendant's Response:
Defendants lack sufficient knowledge to confirm whether the Plaintiffs specifically identified Tiny Cocoons via the website. Defendants maintain that the Tiny Cocoons website is a standard marketing tool, but Plaintiffs could have identified the company through various other sources, such as word of mouth, industry referrals, or social media.

No evidence has been provided by Plaintiffs demonstrating that the website was the sole or primary means by which they identified Tiny Cocoons. Plaintiffs' claim regarding how they found Tiny Cocoons remains unsupported by any specific documentation.

## 18. Response to Claim 18:

Defendants will provide testimonials, and client feedback to demonstrate both Tiny Cocoons' and contractual builder Defendant Chris Baer's proven experience and ability to deliver high-quality results. Tiny Cocoons has successfully collaborated with Mr. Baer and other skilled contractors, ensuring that all projects meet the highest industry standards.

Defendant Yinan Liu's educational background and extensive work experience in urban planning and design further support Tiny Cocoons' credibility. Ms. Liu holds a Master's Degree in Urban and Regional Planning, along with a Bachelor's Degree in a Land Resources Management both of which contribute to her leadership in the company. Her qualifications allow her to oversee complex design and construction projects with a high level of professionalism and expertise.

Tiny Cocoons' reliance on a network of skilled contractors, such as Defendant Chris Baer, is a standard industry practice, ensuring flexibility and access to specialized expertise when required.

This model is common in custom construction projects and is designed to ensure that all elements are completed by professionals with the necessary expertise.

All representations made on the Tiny Cocoons website regarding the company's experience, capabilities, and resources are accurate and fully supported by the evidence of completed projects, Ms. Liu's professional qualifications, and the high quality of work delivered by its contractual builders.

**Exhibit G** is Ms. Liu's Master's Degree, Master's Degree transcripts, and Bachelor's Degree and transcripts, all of which substantiate her educational background and add credibility to her role in leading Tiny Cocoons.

**Exhibit H** is the 3D model custom designed specifically for the plaintiffs that defendant Yinan Liu later used the renderings pictures to provide to the plaintiffs to finalize the layout, material choices, fixtures etc.

### 19. Response to Claim 19:

Defendants lack sufficient knowledge to admit or deny the degree to which Plaintiffs relied on the website's statements when deciding to move forward with Tiny Cocoons.

### 20. Response to Claim 20:

Plaintiff's Allegation:
Based on the discovery received to date, the website is replete with false statements, as detailed below.

Defendant's Response:
Defendants strongly deny that the website contains any false statements. The representations made on the Tiny Cocoons website are accurate and based on documented evidence of the company's past projects, in-house capabilities, and customer experiences. There are no misleading or false statements on the website.

### 21. Response to Claim 21:

Plaintiff's Allegation:
The Tiny Cocoons website describes Tiny Cocoons as a "firm of architects, designers, and specialists" who have been "in the architectural industry for more than 15 years." Additionally, it claims to have a "structural engineering and construction team in house."

Defendant's Response:

Defendants deny the claim that the statements on the website were inaccurate. Tiny Cocoons, through its contractual builder Chris Baer, and with the professional leadership of Yinan Liu, has extensive experience in the design and building industry. While Tiny Cocoons relies on contractual partners for certain specialized aspects of construction, it does have in-house resources in terms of design expertise, led by Ms. Liu, who has a Master's Degree in Urban and Regional Planning and extensive design and project management experience.

- Defendants have a network of skilled contractors, including Mr. Baer's team, that is an industry-standard practice for custom builds.
- **Exhibit G**: Ms. Liu's educational credentials, including her Master's Degree (2009-2011) and Bachelor's Degree (2005-2009), support her role as the primary designer at Tiny Cocoons. Ms. Liu has started in the architectural industry since 2005. And has knowledge, education and resources.

## 22. Response to Claim 22:

- Tiny Cocoons provides design services in-house through Ms. Liu, and contracts structural and construction expertise as needed. This arrangement was transparent and in compliance with industry norms.

## 23. Response to Claim 23:

Plaintiff's Allegation:

The Tiny Cocoons website provides a "Design Portfolio" showcasing past interior design projects.

Defendant's Response:

Defendants admit that the website includes a Design Portfolio, but deny that the images were misrepresented or used deceptively. While the website uses stock photos, it clearly labels stock imagery in the website's Terms or Service, and the purpose of these images is to showcase design concepts and ideas, not to represent completed projects by Tiny Cocoons unless explicitly stated.

- Defendants will provide documentation and licenses showing the legal acquisition and use of stock photos on the website.
- **Exhibit I**: Screenshots of a small portion of interior design projects done by defendant Yinan Liu, each of the project was built as a 3D model, including renderings pictures summary of each project. These demonstrates defendant's full capabilities or using the stock photos as demonstration only, while provide design services for the styles of the interior projects demonstrated on Tiny Cocoons website.

## 24–28. Response to Claims 24–28:

Plaintiff's Allegation:

The Tiny Cocoons website represents that projects in the Design Portfolio are examples of work completed by Defendants, including the "Coastal Soul House" and "Little Bear's Den." Plaintiffs allege these representations are false and that the images are stock photographs.

Defendant's Response:
Defendants deny that any attempt was made to deceive clients. The website clearly presents some images as stock photos to illustrate design styles and trends. The specific projects mentioned, including "Coastal Soul House" and "Little Bear's Den," were used as concepts to highlight Tiny Cocoons' design approach, not as direct representations of completed projects.

- Tiny Cocoons was transparent in the use of stock images and never misrepresented those as completed projects. Stock images were legally licensed for marketing purposes.
- Defendants will provide licenses of the stock image platforms to confirm the legal use of these images.

## 29–34. Response to Claims 29–34:

Plaintiff's Allegation:
The "Coastal Soul House" images on the Tiny Cocoons website were modified stock photographs, not actual work completed by Defendants.

Defendant's Response:
Defendants admit that the "Coastal Soul House" images were stock photos but deny that this constitutes any misrepresentation. The photos were used to showcase design inspiration, which is a common marketing practice in the construction and design industries. At no point did Defendants explicitly claim that this was a completed Tiny Cocoons project.

- Defendants used stock imagery to reflect design aesthetics and concepts. Any suggestion that these were misrepresented as Tiny Cocoons' completed work is incorrect and unsupported by evidence.
- **Exhibit I**: Screenshots of a small portion of interior design projects done by defendant Yinan Liu, each of the project was built as a 3D model, including renderings pictures summary of each project. These demonstrates defendant's full capabilities or using the stock photos as demonstration only, while provide design services for the styles of the interior projects demonstrated on Tiny Cocoons website.
- **Exhibit H** is the 3D model custom designed specifically for the plaintiffs that defendant Yinan Liu later used the renderings pictures to provide to the plaintiffs to finalize the layout, material choices, fixtures etc.

## 35–37. Response to Claims 35–37:

Plaintiff's Allegation:
The website claims "Little Bear's Den" as a Tiny Cocoons project, but these are stock photos.

Defendant's Response:
Defendants deny that "Little Bear's Den" was presented as a completed project. It was part of a design inspiration portfolio that illustrates ideas and design possibilities. Defendants made no explicit claim that the project was completed by Tiny Cocoons.

## 38–42. Response to Claims 38–42:

Plaintiff's Allegation:
Plaintiffs claim that Tiny Cocoons falsely represented stock photos as completed projects.

Defendant's Response:
Defendants deny the allegation that they misrepresented stock photos as their own work. Stock photos were used in accordance with the terms of service for marketing purposes to demonstrate design ideas. Tiny Cocoons did not claim these images as completed projects unless specifically indicated.

- Tiny Cocoons' website clearly differentiates between concept design images and actual projects. Defendants will submit screenshots of the website, demonstrating the context in which these images were used.

## 43–46. Response to Claims 43–46:

Plaintiff's Allegation:
Defendants allegedly presented stock photographs as their own projects on the Tiny Cocoons website.

Defendant's Response:
Defendants deny this claim. Stock photos were labeled as such or used for illustrative purposes in marketing materials. Tiny Cocoons did not intentionally deceive customers into believing stock photos were projects completed by the company.

- Defendants will provide evidence of licensing agreements for stock photos and demonstrate that these images were used as design inspirations, not as representations of actual Tiny Cocoons projects.

## 47–61. Response to Claims 47–61:

Plaintiff's Allegation:
The Tiny Cocoons website falsely represents various projects, including "The Freeman," "The Monroe," and "The Patoka," as Defendants' own work, and includes fabricated stories about buyers.

Defendant's Response:
Defendants deny all allegations of fabricated projects or stories. The use of stock photos was clearly for marketing purposes and design inspirations. Any references to buyers or project stories were intended to illustrate potential use cases and conceptual narratives, which are common in the design and marketing industry.

Each of the tiny house models listed on the website are for llustrative purposes. **Exhibit K,** shows the 3D models files done in software Chief Architect, SchetchUp, and KuJiaLe for floor plans, exterior renderings and interior renderings. The defendants Tiny Cocoons and Yinan Liu have sent and commutated with defendant Chris Baer related to the detailed specifications of the tiny house models in various layouts and sizes listed on Tiny Cocoons websites in order to get

the idea of pricing, timeline and detailed specifications before even putting the model information on the website.

**Exhibit J**: shows a portion of the construction cost quotes from Mr. Baer (Baer Enterprise Inc) to Tiny Cocoons related to the tiny house models listed on Tiny Cocoons website.

Defendants will provide proof of licenses for all stock photos and screenshots from the website to demonstrate the contextual use of these images and narratives. At no point were these intended to mislead potential clients into believing they were actual completed projects by Tiny Cocoons.

**62. Response to Claim 62:**
Defendants deny any intent to deceive the public or third-party websites, and reject the allegation that their website contained misrepresentations. The articles referenced by Plaintiffs, published by third-party websites, were independent reviews written by external sources over which Defendants had no control. Defendants have never been contacted by any news reporter, blogger, or media outlet regarding writing articles about Tiny Cocoons. Additionally, Defendants do not know the relevance of these articles and have never seen the websites mentioned by Plaintiffs nor been contacted by anyone explicitly claiming to be from these websites.

**63. Response to Claim 63:**

Plaintiff's Allegation:
On information and belief, the fraudulent Tiny Cocoons website was made available to the public in 2021 and remains available as of July 2024.

Defendant's Response:
Defendants deny any fraudulent intent or conduct concerning the Tiny Cocoons website. The website was created for the legitimate purpose of marketing Tiny Cocoons' services and remains online to provide information to prospective clients. All information and images were legally acquired and used in compliance with applicable licensing agreements.

**64. Response to Claim 64:**

Plaintiff's Allegation:
The designs on the Tiny Cocoons website were attractive and fit the Weiskopfs' requirements.

Defendant's Response:
Defendants admit that the designs on the website were intended to showcase Tiny Cocoons' design capabilities and were attractive to prospective clients, including the Weiskopfs. However, Defendants deny any intent to mislead the Plaintiffs.

**65. Response to Claim 65:**

Plaintiff's Allegation:
The Weiskopfs reached out through the Tiny Cocoons information portal about cost, availability, and timing, stating that they sought a Tiny House that could be ready "soon."

Defendant's Response:
Defendants admit that the Weiskopfs reached out via the website's information portal to inquire about the availability of a Tiny House. Defendants responded transparently regarding the timelines and options available at that time.


### 66. Response to Claim 66:

Plaintiff's Allegation:
The Weiskopfs received a response from Ms. Liu stating that the normal lead time was eleven months, which was too long for the Weiskopfs, and they would not have proceeded with such a timeline.

Defendant's Response:
Defendants admit that the normal lead time for custom builds was communicated as eleven months. However, the Defendants deny that this was misleading, as this timeframe is consistent with industry standards for custom builds, especially considering material availability and supply chain delays.


### 67. Response to Claim 67:

Plaintiff's Allegation:
Ms. Liu stated that a sample unit had been released for sale and could be ready within three months, with multiple clients showing interest.

Defendant's Response:
Defendants admit that Ms. Liu offered a sample unit that was nearly complete, and stated that it could be ready within three months. Multiple inquiries were received about this unit, and the statement was truthful based on the information available at that time.


### 68. Response to Claim 68:

Plaintiff's Allegation:
In reliance on Ms. Liu's statements about the timing of the build, the Weiskopfs continued discussions about purchasing the Tiny House.

Defendant's Response:
Defendants admit that discussions continued based on the availability and timing of the sample unit. However, Defendants deny any intent to deceive or mislead the Plaintiffs regarding the timeline.

**69. Response to Claim 69:**

Plaintiff's Allegation:
The Weiskopfs, Ms. Liu, and Mr. Baer discussed details via email and phone, and Ms. Liu, in an email dated May 25, 2022, indicated the house would be delivered within "12 weeks."

Defendant's Response:
Defendants admit that communications regarding the project timeline occurred via email and phone. The 12-week estimate was provided as a reasonable estimate based on the status of the unit at that time, but Defendants deny that this was a guarantee.

**70. Response to Claim 70:**

Plaintiff's Allegation:
The Builders indicated that they were partners in Tiny Cocoons, with Mr. Baer handling construction and Ms. Liu handling design and administration.

Defendant's Response:
Defendants deny that they were formally "partners" in Tiny Cocoons. While Mr. Baer was contracted for construction work and Ms. Liu managed design and administration, they were not legally business partners in the formal sense.

**71. Response to Claim 71:**

Plaintiff's Allegation:
The Builders stated there was extensive interest in the sample unit, and the Weiskopfs needed to make a quick decision.

Defendant's Response:
Defendants admit that there was interest from multiple potential buyers and that the Plaintiffs were advised to make a timely decision. This was not an attempt to pressure the Weiskopfs, but a reflection of genuine market interest in the unit.

**72. Response to Claim 72:**

Plaintiff's Allegation:
Ms. Liu's signature block represents that she is part of the "Creative Team."

Defendant's Response:
Defendants admit that Ms. Liu referred to herself as part of the "Creative Team," reflecting her role in the design and creative direction of the projects. This description accurately reflects her responsibilities, and Defendants deny that this representation was misleading.

**73. Response to Claim 73:**

Plaintiff's Allegation:
Tiny Cocoons does not have a "Creative Team" or employees.

Defendant's Response:
Defendants deny that this statement is misleading. While Tiny Cocoons uses contractual resources rather than full-time employees, Ms. Liu's reference to a "Creative Team" was intended to describe the collective effort between herself and contractors, which is common practice in small businesses.

**74. Response to Claim 74:**

Plaintiff's Allegation:
Ms. Liu represented that she was certified as LEED AP, but she is not.

Defendant's Response:
Defendants deny that Ms. Liu intentionally misrepresented her qualifications. Ms. Liu earned her LEED AP certification in 2011 and had been operating under the good faith belief that the certification was still valid. She was unaware that the certification required periodic renewal, and any representation of her as LEED AP was entirely unintentional. Defendants are attaching **Exhibit K**, which includes Ms. Liu's original LEED AP certification from 2011, demonstrating her qualifications at the time of representation.

**75–82. Response to Claims 75–82:**

Plaintiff's Allegation:
The Builders made false representations regarding the completion status of the Tiny House, which was not a recently released sample unit and was not near completion.

Defendant's Response:
Defendants deny these allegations. At the time of communication, the Tiny House was in a state that made a three-month completion timeline reasonable, based on the availability of materials and ongoing construction progress. Supply chain issues did cause some delays, but the unit was not falsely represented as being further along than it was.

**83–93. Response to Claims 83–93:**

Plaintiff's Allegation:
The Builders diverted the funds for the Tiny House to other accounts and did not use the funds for the completion of the Tiny House.

Defendant's Response:
Defendants deny that any funds were misappropriated or diverted for personal use. All funds provided by the Plaintiffs were used for the materials and labor required for the completion of

the Tiny House. Any delays in construction were due to material shortages and supply chain disruptions, not misappropriation of funds.

## 94–104. Response to Claims 94–104:

Plaintiff's Allegation:
Mr. Baer has been involved in prior legal actions related to tiny home construction, and the Weiskopf funds were allegedly used to resolve these matters.

Defendant's Response:
Defendants deny any connection between the Weiskopf funds and prior legal matters. The funds provided by the Weiskopfs were used strictly for the intended purpose of building their Tiny House, and there is no evidence to support the claim that these funds were diverted to resolve unrelated lawsuits.

**Exhibit L** is an explanation letter written by Mr. Chris Baer.

## 105. Response to Claim 105:

Plaintiff's Allegation:
Based on the promises made by the Builders, the Weiskopfs prepared their site for a late Summer 2022 delivery of the Tiny House, including hiring workers to create a pad and connecting it to utilities.

Defendant's Response:
Defendants admit that the Weiskopfs prepared their site but deny that any misrepresentation was made regarding the expected delivery. Defendants communicated delays due to supply chain issues, which were beyond their control, and Plaintiffs were kept informed about the status of the project.

## 106. Response to Claim 106:

Plaintiff's Allegation:
The Weiskopfs checked in on the Builders' progress in June, July, and August 2022, but the Builders provided no concrete details, indicating only that the build was in progress.

Defendant's Response:
Defendants deny that they failed to provide adequate information. Plaintiffs were informed of the delays caused by material shortages, specifically the unavailability of crucial components like windows. Communication regarding the status of the build was consistent and truthful.

## 107. Response to Claim 107:

Plaintiff's Allegation:
On August 30, 2022, the Weiskopfs demanded a ship date, and Ms. Liu stated that a window was out of stock and that the ship date would be in two months (October 2022).

Defendant's Response:
Defendants admit that a delay was communicated, primarily due to the unavailability of a window, which affected the overall construction progress. This delay was beyond Defendants' control and was promptly communicated to the Plaintiffs.

### 108. Response to Claim 108:

Plaintiff's Allegation:
Throughout fall 2022, the Weiskopfs checked in on timing and were told that the build was progressing, but delays persisted.

Defendant's Response:
Defendants admit that delays persisted due to ongoing material shortages, and Plaintiffs were updated accordingly. Defendants worked diligently to manage the construction process despite these external challenges.

### 109. Response to Claim 109:

Plaintiff's Allegation:
The Builders reassured the Weiskopfs that the team was working hard but delayed delivery to January 2023, and the Builders were reluctant to provide photographs of progress.

Defendant's Response:
Defendants deny any reluctance to provide information or photos. Updates regarding progress were shared regularly, but certain delays were unavoidable due to supply chain issues. There was no intent to mislead, and Defendants acted in good faith in responding to the inquiries.

### 110–111. Response to Claims 110–111:

Plaintiff's Allegation:
Mr. Weiskopf visited the Tiny Cocoons shop in January 2023 and found that very little work had been done on the Tiny House, contradicting previous representations.

Defendant's Response:
Defendants deny that there was any misrepresentation regarding the progress of the Tiny House. Due to material shortages and scheduling complications, the build had not progressed as quickly as hoped, but work was ongoing, and updates were provided honestly.

### 112. Response to Claim 112:

Plaintiff's Allegation:
Mr. Baer made comments about supply chain issues that did not make sense to Mr. Weiskopf.

Defendant's Response:
Defendants deny that any comments were misleading or inaccurate. The supply chain issues, particularly with windows and other materials, were documented and widespread in the industry, and Defendants provided truthful explanations.

### 113. Response to Claim 113:

Plaintiff's Allegation:
Mr. Weiskopf saw that other projects were being worked on at the facility and suspected that the Builders had taken the Weiskopf Funds and used them for other projects.

Defendant's Response:
Defendants deny that the Weiskopf Funds were misappropriated for other projects. Funds provided by the Plaintiffs were used for their Tiny House as intended, and any progress delays were due to material shortages, not misuse of funds.

### 114–115. Response to Claims 114–115:

Plaintiff's Allegation:
Defendants had no communications with vendors, suppliers, or laborers concerning the Tiny House, and the supply chain issues were fabricated to delay the Plaintiffs from discovering the fraud.

Defendant's Response:
Defendants strongly deny these allegations. There were real and documented supply chain issues, especially related to windows and other essential materials. Communications with suppliers and contractors were ongoing, and there was no intent to deceive the Plaintiffs.

### 116. Response to Claim 116:

Plaintiff's Allegation:
The Weiskopf Funds were immediately transferred to other accounts controlled by the Defendants and not used for the Tiny House.

Defendant's Response:
Defendants deny that the Weiskopf Funds were misappropriated or transferred inappropriately. All funds were applied to the project as required, and Defendants provided financial records to demonstrate the legitimate use of the funds.

### 117. Response to Claim 117:

Plaintiff's Allegation:
Mr. Baer eventually admitted that the statements made to the Weiskopfs were not true and that the project had been on hold for months with no workers available.

Defendant's Response:
Defendants deny that there was any such admission. Any delays in the project were related to supply chain issues, and all communications made to the Plaintiffs were truthful. There was no intentional withholding of workers or delay in the project.

## 118–119. Response to Claims 118–119:

Plaintiff's Allegation:
On January 25, 2023, Mr. Weiskopf sent an email expressing disappointment and requesting specific deadlines for the project, along with weekly updates.

Defendant's Response:
Defendants admit receiving the email and responded with apologies for the delays, reaffirming their commitment to the project. The delay was primarily due to material shortages, and Defendants were working within the constraints of the circumstances to provide timely updates.

## 120–121. Response to Claims 120–121:

Plaintiff's Allegation:
During a phone call, Mr. Baer assured Mr. Weiskopf that delivery by May 2023 would be possible and that he had spent the Weiskopf Funds on other projects.

Defendant's Response:
Defendants deny that any such admission occurred. The funds were used for the intended project, and Mr. Baer reiterated that delivery by May 2023 was achievable, barring further unforeseen delays. There was no mismanagement of funds.

## 122–123. Response to Claims 122–123:

Plaintiff's Allegation:
On February 3, 2023, Mr. Weiskopf sent a follow-up email to Ms. Liu and Mr. Baer, emphasizing his dissatisfaction with the use of funds and delays. Ms. Liu responded with an apology and reassurances.

Defendant's Response:
Defendants admit receiving this email and responding with an apology. The delays were unfortunate but outside the Defendants' control, and all funds were appropriately used for the Tiny House project.

### 124–131. Response to Claims 124–131:

Plaintiff's Allegation:
The Builders continued to provide assurances regarding delivery, but additional delays occurred. Ms. Liu eventually stated that they could return the money once the unit was sold, and later filed for the dissolution of Tiny Cocoons in Indiana. The Builders have kept all of the Weiskopf Funds and used them for personal purposes.

Defendant's Response:
Defendants deny that they misappropriated the funds for personal purposes. All funds were used for the intended project, and delays were due to supply chain issues and other uncontrollable factors. The decision to dissolve Tiny Cocoons was based on business restructuring, not an attempt to avoid responsibilities or obligations. Defendants remain committed to resolving this issue and acted in good faith throughout the project.

### 132. Response to Claim 132:

Plaintiff's Allegation:
Ms. Liu and Mr. Baer were partners in the Tiny Cocoons enterprise and used it as a sham enterprise to commit fraud and promote injustice against the Weiskopfs.

Defendant's Response:
Defendants deny these allegations. Tiny Cocoons was a legitimate business venture, established and operated according to legal and industry standards. The business was formed to provide custom-designed tiny homes, and all representations made to the public and to the Plaintiffs were based on genuine efforts and intentions to complete the agreed-upon project.

### 133. Response to Claim 133:

Plaintiff's Allegation:
Tiny Cocoons did not perform the work represented on its website and made false statements about its abilities to conceal fraud.

Defendant's Response:
Defendants deny the claim that Tiny Cocoons made false representations. The company provided accurate information about its capabilities and projects, using both stock and original imagery to showcase design ideas. Defendants communicated delays caused by supply chain issues, but these were beyond their control and did not involve any fraudulent intent.

### 134. Response to Claim 134:

Plaintiff's Allegation:
Defendants knew that they could not deliver or complete the Tiny House within the stated time frame of three months and did not have the resources to do so.

Defendant's Response:
Defendants deny this allegation. The estimated three-month timeline was based on standard industry practices and available resources at the time. Unforeseen material shortages, particularly with windows and other crucial components, caused delays, but Defendants made every reasonable effort to meet the agreed-upon timeline. There was no intent to mislead or delay the project.

## 135. Response to Claim 135:

Plaintiff's Allegation:
Ms. Liu and Mr. Baer ignored corporate formalities and manipulated Tiny Cocoons for their own personal gain.

Defendant's Response:
Defendants deny this claim. Tiny Cocoons was managed as a legitimate business entity, and all corporate formalities were observed. Defendants acted in good faith to manage the business and the project. There is no evidence to support the claim that Tiny Cocoons was manipulated for personal gain.

## 136. Response to Claim 136:

Plaintiff's Allegation:
Tiny Cocoons was merely an instrumentality of Ms. Liu and Mr. Baer for personal benefit.

Defendant's Response:
Defendants deny this allegation. Tiny Cocoons was a legitimate business venture with its own operational structure. All funds received from the Plaintiffs were used for the intended project and expenses related to the Tiny House.

## 137. Response to Claim 137:

Plaintiff's Allegation:
Tiny Cocoons was not a legitimate business and was falsely represented to fool consumers into providing money to the Defendants.

Defendant's Response:
Defendants strongly deny this claim. Tiny Cocoons was established as a bona fide business, and all representations made about its services were accurate and lawful. Defendants did not deceive or attempt to fool consumers, including the Plaintiffs. The delays encountered were due to industry-wide supply chain issues, not any fraudulent conduct by the Defendants.

**138. Response to Claim 138:**

Plaintiff's Allegation:
The Weiskopf Funds were not used for legitimate purposes related to the construction of the Tiny House.

Defendant's Response:
Defendants deny this allegation. All funds provided by the Plaintiffs were applied to the project and related expenses. Delays in construction were due to legitimate external factors, such as material shortages. There was no misappropriation of the funds for personal use.

**139. Response to Claim 139:**

Plaintiff's Allegation:
Tiny Cocoons' bank account was undercapitalized and used to pay for personal expenses, such as groceries and utility bills.

Defendant's Response:
Defendants deny that Tiny Cocoons' funds were used for personal expenses. The funds received from the Plaintiffs were used exclusively for the Tiny House project and other business-related expenses. Defendants maintain financial records to demonstrate the appropriate use of funds.

**140. Response to Claim 140:**

Plaintiff's Allegation:
Funds from the Tiny Cocoons bank account were quickly transferred to other accounts controlled by Ms. Liu and Mr. Baer.

Defendant's Response:
Defendants deny that any funds were improperly transferred. All transactions from Tiny Cocoons' bank account were related to legitimate business purposes, including payments to vendors, contractors, and suppliers. There was no inappropriate transfer of funds for personal use.

**141. Response to Claim 141:**

Plaintiff's Allegation:
There was an absence of corporate records, and Defendants failed to observe corporate formalities.

Defendant's Response:
Defendants deny this allegation. Tiny Cocoons maintained appropriate corporate records and

observed all required formalities. Financial records, including bank statements, contracts, and invoices, were properly managed.

### 142. Response to Claim 142:

Plaintiff's Allegation:
Tiny Cocoons does not have corporate financial records showing profits, losses, or tax documentation.

Defendant's Response:
Defendants deny this claim. Tiny Cocoons maintained proper financial records, including those related to revenues, expenses, and taxes. Defendants provided relevant records to demonstrate that all funds were handled according to standard business practices.

### 143. Response to Claim 143:

Plaintiff's Allegation:
Tiny Cocoons was an alter ego of Ms. Liu and Mr. Baer, used to receive the Weiskopf Funds through fraud.

Defendant's Response:
Defendants deny this allegation. Tiny Cocoons was a legally established and independent business entity. Funds received from the Plaintiffs were used for the intended construction project, and there was no fraudulent intent or action on the part of Ms. Liu or Mr. Baer.

### 144. Response to Claim 144:

Plaintiff's Allegation:
Ms. Liu and Mr. Baer used the corporate form to shield their assets while engaging in unlawful acts, including dissolving Tiny Cocoons to avoid returning the Weiskopf Funds.

Defendant's Response:
Defendants deny that they dissolved Tiny Cocoons to avoid obligations or shield personal assets. The dissolution of Tiny Cocoons was part of a business decision unrelated to the Plaintiffs' project. Defendants remain committed to resolving the matter and did not engage in any unlawful acts or misappropriation of funds.

### 145. Response to Claim 145:

Plaintiff's Allegation:
The Weiskopfs are entitled to the return of the $97,905 they paid.

Defendant's Response:
Defendants deny that the Plaintiffs are entitled to a full refund. The funds were applied towards

materials, labor, and other legitimate expenses required for the construction of the Tiny House. Plaintiffs' cancellation of the project was premature, and any claim to a refund is without merit as significant work was already completed.

### 146. Response to Claim 146:

Plaintiff's Allegation:
The Weiskopfs wired $97,905 to Tiny Cocoons for the Tiny House, which they never received.

Defendant's Response:
Defendants admit receipt of the funds but deny that the Plaintiffs did not receive the product or services they paid for. Construction work had begun, and delays were communicated to the Plaintiffs. The house was in progress but was delayed due to industry-wide material shortages.

### 147. Response to Claim 147:

Plaintiff's Allegation:
Documentation showing the payment of invoices by the Weiskopfs is attached.

Defendant's Response:
Defendants do not contest that the payments were made but maintain that the funds were used for legitimate project expenses.

### 148. Response to Claim 148:

Plaintiff's Allegation:
The Weiskopfs are entitled to pre-judgment interest, as they made a demand for the funds when they filed suit on August 16, 2023.

Defendant's Response:
Defendants deny that Plaintiffs are entitled to pre-judgment interest, as there was no breach of contract or fraudulent activity on Defendants' part. The delays in the project were communicated and due to external factors beyond Defendants' control.

### 149. Response to Claim 149:

Plaintiff's Allegation:
The statutory rate for pre-judgment interest is 8%.

Defendant's Response:
Defendants deny Plaintiffs' claim for pre-judgment interest. The claim for interest is unfounded because the Plaintiffs prematurely canceled the contract, and any delays were caused by uncontrollable material shortages, not by any failure on the part of the Defendants.

**150–151. Response to Claims 150–151:**

Plaintiff's Allegation:
The Weiskopfs are entitled to attorneys' fees and costs totaling $17,657, and documentation is attached.

Defendant's Response:
Defendants deny that the Plaintiffs are entitled to attorneys' fees and costs. The litigation is the result of Plaintiffs' premature cancellation and misunderstanding of the delays. Defendants have acted in good faith and communicated openly with Plaintiffs.

**152. Response to Claim 152:**

Plaintiff's Allegation:
The Weiskopfs are entitled to post-judgment interest at a rate of 8%.

Defendant's Response:
Defendants deny that Plaintiffs are entitled to post-judgment interest. Defendants have acted in accordance with the terms of the contract, and delays were caused by external factors beyond their control.

**153–154. Response to Claims 153–154:**

Plaintiff's Allegation:
The Weiskopfs are entitled to enhanced damages of three times the actual damages because Defendants acted willfully and with culpability in misleading the Weiskopfs.

Defendant's Response:
Defendants strongly deny any willful misconduct or culpability. The delays were due to material shortages and supply chain issues, which were clearly communicated to the Plaintiffs. Defendants acted in good faith and did not intend to mislead the Plaintiffs.

**155. Response to Claim 155:**

Plaintiff's Allegation:
Defendants used Tiny Cocoons for the same fraud and deception against at least two other consumers, Ms. White and 364 Ventures.

Defendant's Response:
Defendants deny these allegations. Any prior legal disputes are unrelated to the project with the Plaintiffs and do not demonstrate a pattern of fraud. Tiny Cocoons operated as a legitimate business, and Defendants did not engage in any deceptive practices.

**156. Response to Claim 156:**

Plaintiff's Allegation:
When the Weiskopfs demanded their money back, Defendants dissolved Tiny Cocoons rather than return the funds.

Defendant's Response:
Defendants deny that the dissolution of Tiny Cocoons was an attempt to avoid returning funds. The dissolution was part of a business restructuring process and was unrelated to the Plaintiffs' demands. Defendants remain committed to resolving the matter through appropriate legal channels.

**157–158. Response to Claims 157–158:**

Plaintiff's Allegation:
An award of treble damages is appropriate because Defendants intentionally obtained the Weiskopf Funds without providing the Tiny House.

Defendant's Response:
Defendants deny that any award of treble damages is justified. The Defendants acted in good faith, and all funds were used appropriately for the construction of the Tiny House. Delays were communicated and were due to legitimate external factors.

**Count I—Breach of Contract (Claims 159–166):**

Plaintiff's Allegation:
Defendants breached the contract by failing to provide the Tiny House under the agreed terms.

Defendant's Response:
Defendants deny any breach of contract. Delays were caused by supply chain issues, and Plaintiffs were kept informed throughout the process. The Plaintiffs' decision to cancel the contract was premature, and Defendants were still actively working to complete the project.

**Count II—Common Law Fraud (Claims 167–172):**

Plaintiff's Allegation:
The Builders made false statements regarding the Tiny House to defraud the Weiskopfs.

Defendant's Response:
Defendants deny these allegations. All statements made by Defendants regarding the timeline and progress of the project were based on accurate information at the time. Delays were communicated honestly, and there was no intent to defraud the Plaintiffs.

**Count III—Unjust Enrichment (Claims 173–177):**

Plaintiff's Allegation:
The Builders took and kept the Weiskopf Funds without delivering the Tiny House.

Defendant's Response:
Defendants deny the claim of unjust enrichment. The funds were used for legitimate expenses related to the construction of the Tiny House, and Plaintiffs' premature cancellation disrupted the completion of the project.

### Count IV — Conversion (Claims 178–182):

Plaintiff's Allegation:
The Builders knowingly took and kept the Weiskopf Funds without building the Tiny House.

Defendant's Response:
Defendants deny the claim of conversion. The funds were used for materials and labor, and the project was progressing until the Plaintiffs unilaterally canceled the contract.

### Count V — Indiana Deceptive Consumer Sales Act (Claims 183–192):

Plaintiff's Allegation:
Defendants violated Indiana law by making deceptive statements and failing to deliver the Tiny House.

Defendant's Response:
Defendants deny any violation of the Indiana Deceptive Consumer Sales Act. All communications and representations made to the Plaintiffs were accurate and truthful at the time, and delays were the result of uncontrollable factors.

### Count VI — Piercing the Corporate Veil (Claims 193–198):

Plaintiff's Allegation:
Mr. Baer and Ms. Liu used Tiny Cocoons as their alter ego to escape liability.

Defendant's Response:
Defendants deny that Tiny Cocoons was used as a sham or alter ego. Tiny Cocoons was a legitimate business entity, and all corporate formalities were observed. Defendants did not misuse the corporate form to avoid liability.

### Count VII — Injunctive Relief (Claims 199–201):

Plaintiff's Allegation:
The Builders should provide an accounting of the Weiskopf Funds from May 2022 to the present.

Defendant's Response:

Defendants deny the need for injunctive relief. All funds received from the Plaintiffs were used for legitimate business purposes, and Defendants are prepared to provide documentation demonstrating the proper use of those funds.

**Dated:** October. 11, 2024

**Respectfully submitted,**

Tiny Cocoons

Yinan ("Chloe") Liu

Christopher Baer