UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Daniel Weiskopf, Elizabeth Weiskopf, | |
| Plaintiffs, | |
| v. | Case No. 4:23-CV-71 |
| Tiny Cocoons, Inc., Yinan Liu, also known as Chloe, Chris Baer, | Hon. John E. Martin |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS FOR DEFENDANTS' FAILURE TO COMPLY WITH DISCOVERY ORDER**

The Weiskopfs respectfully request an order sanctioning defendants for their willful refusal to comply with the Court's discovery order. On September 12, 2024, the Court ordered Mr. Baer and Ms. Liu to produce documents relevant to the use of the Weiskopf Funds by October 11, 2024 (Dkts. 86-87), including bank records from Chloeestates and Baer Enterprises, where the Weiskopf Funds were immediately transferred after they were received in the Tiny Cocoons account. Dkt. 54 at Ex. 18. Defendants have not produced these documents. Sanctions are, therefore, appropriate under Fed. R. Civ. P. 37.

**I.   Background**

As detailed in numerous prior filings, this case concerns defendants' breaches of contract, unjust enrichment, conversion, and misrepresentations concerning a Tiny House. Through their

1

alter ego entity, Tiny Cocoons,[1] defendants Liu and Baer agreed to build the Weiskopfs a Tiny House. *See* Dkt. 85 at ¶¶ 2, 69, 78-80. Defendants stated that the Tiny House would be complete in approximately three months. *Id.* The Tiny House has still not been built years later. It now appears that the unbuilt Tiny House and all other equipment, tools, and supplies were used to pay off Mr. Baer's debts to the Bank of Wolcott. Dkt. 97 at 16. Mr. Baer concedes that the Weiskopfs are entitled to a return of at least $135,000. Dkt. 97-1 at 17.[2]

Since October 23, 2023, the Weiskopfs have been attempting to obtain discovery on the use of the Weiskopf Funds. Defendants refused to produce basic discovery showing how the Weiskopf Funds were used. The Weiskopfs were forced to file a motion to compel on June 26, 2024 (Dkts. 51-54), which the Court granted on September 12, 2024 (Dkt. 86).

Ms. Liu and Mr. Baer were ordered to produce all evidence showing how the Weiskopf Funds were spent. Dkt. 86. This included evidence held by each of the defendants, as well as evidence held by Baer Enterprises and Chloeestates—where the Weiskopf Funds were immediately transferred after they were received by Tiny Cocoons. Dkt. 52 at 7-10.

Defendants did not comply with the order. They did not produce the requested documents showing how the Weiskopf Funds were spent. Defendants instead provided a self-serving narrative response (Dkt. 97 at 15), bank records of Tiny Cocoons that had already been produced (*compare* Dkt. 97 at 8-13, *with* Dkt. 54-18), a purported "invoice" dated June 1, 2022, (Dkt. 97 at

---

[1] Defendant Tiny Cocoons is currently in default. Dkt. 94. There is a pending and unopposed motion for default judgment against defendant Tiny Cocoons for failing to answer and retain counsel. Dkts. 88, 89.

[2] After receiving Mr. Baer's concession that the Weiskopfs were entitled to return of the Weiskopf Funds, the Weiskopfs emailed Mr. Baer to attempt to discuss the issue further and never received a response.

4)[3] and a purported "Quote" from "True Tiny Homes" that, by its own terms, expired before the Weiskopfs even reached out to Tiny Cocoons (Dkt. 97 at 6).[4]

Plainly, defendants did not actually spend the Weiskopf Funds to complete the Tiny House within the approximately three months promised. The evidence shows that defendants immediately transferred the majority of the Weiskopf Funds to other bank accounts controlled by Ms. Liu and Mr. Baer and refuse, despite a Court order, to provide relevant bank statements, tax documents, receipts, purchase orders, and communications with suppliers and laborers or communications with each other detailing the actual use of the Weiskopf Funds. Defendants should have produced:

- Bank records for Chris Baer, Chloe Liu, Baer Enterprises, and Chloeestates. These documents will show how the Weiskopf Funds were actually spent.

- Tax documentation for Chris Baer, Chloe Liu, Tiny Cocoons, Baer Enterprises, and Chloeestates. These documents will show whether Tiny Cocoons was a

---

[3] The purported "invoice" from Ms. Liu (Dkt. 97 at 4) is just another misrepresentation. Ms. Liu had not performed these services listed on the "invoice" as of June 1, 2022, which is both the date of the "invoice" and which was when the Weiskopf Funds were converted. Dkt. 97 at 10 (payment in from Weiskopfs on June 1 and payment out to Chloeestate on June 2). This is obviously manufactured evidence. Of course, if Ms. Liu was being truthful, her personal tax returns would reflect this income and those documents would need to be produced. Of course, those tax documents do not support Ms. Liu's story, they are not consistent with this purported "invoice," and so she wrongfully withheld them.

[4] Defendants also produced a purported "Quote" from "True Tiny Homes" dated May 17, 2022. Dkt. 97 at 6; *see also* Dkt. 97 at 1 (claiming this is an invoice "from Baer Enterprises to Tiny Cocoons for construction services related to the plaintiffs' tiny house"). ***First***, this is yet another misrepresentation. This quote was set to expire as of May 20, 2022. Mr. Weiskopf had not even reached out to Tiny Cocoons until May 22, 2022—after this invoice "expired." Dkt. 43-1 at 2 (showing Mr. Weiskopf's initial inquiry via form submission from Tiny Cocoons dated Sunday, May 22, 2022). ***Second***, this is still more damning evidence. The Weiskopfs were told that Tiny Cocoons was a company of experienced builders with an in-house build team. The Weiskopfs were not told they were buying a home from some other entity called "True Tiny Homes" and that Tiny Cocoons was a shell with no actual builders or experience. This is more evidence that Tiny Cocoons was a sham entity with false advertising to trick consumers.

3

legitimate entity, whether there were legitimate business expenditures, how revenue from the Weiskopfs was treated by the various defendants, and whether any laborers were actually hired, among other things.

- Communications with laborers, suppliers, and/or between themselves regarding the use of the Weiskopf Funds.

Defendants have willfully chosen to ignore the Court's order and have refused to produce these documents.[5]

## II.   Argument

If a party fails to obey an order to provide discovery, the Court may "direct[] that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims" or "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A). "The simple failure to comply is enough" to warrant such sanctions. *Saratoga Potato Chip Co., Inc. v. Classic Foods, Inc.*, 112CV00452JVBSLC, 2015 WL 8488602, at *2 (N.D. Ind. Oct. 29, 2015), *report and recommendation adopted sub nom. Saratoga Potato Chips Co., Inc. v. Cuetara Holdings Inc*., 1:12-CV-452 JVB, 2015 WL 8492470 (N.D. Ind. Dec. 9, 2015) (quotations and citations omitted). "[T]he choice of an appropriate sanction are within the broad discretion of the Court. *Id.* at *3 (*citing Melendez v. Ill. Bell Tel. Co.,* 79 F.3d 661, 670 (7th Cir. 1996)).

Ms. Liu and Mr. Baer have violated the Court's Order and sanctions are appropriate. The Court ordered Mr. Baer and Ms. Liu to produce all evidence in their possession, custody, and

---

[5] Nearly every aspect of the Court's order was not complied with. However, the Weiskopfs are trying to narrow this sanction request to key issues that they would like resolved prior to filing dispositive motions.

control relevant to the use of the Weiskopf Funds. Dkt. 86 at 3-4. Defendants—in direct contravention of the Court's order—have refused to provide these documents and instead provided only self-serving narratives, an inaccurate "invoice" and expired "quote," and bank records for Tiny Cocoons, which had already been produced. *See above*.

Defendants should have produced actual documents showing the use of the Weiskopf Funds, including:

- Bank records for Ms. Liu, Mr. Baer, Chloeestates, and Baer Enterprises;
- Receipts and purchase orders;
- Credit card statements;
- Communications with laborers, employees, and suppliers;
- Communications with each other concerning use of the Weiskopf Funds;
- Bookkeeping and business records for the Tiny Cocoons entity related to the use of the Weiskopf Funds.

They did not.

Defendants' disobedience of the Court order is willful. For over a year, defendants have refused to provide documents showing how the Weiskopf Funds were used. *See* Dkt. 52 at 4-5; Dkt. 54 at Exs. 1-14. After the Court ordered production of these materials (Dkt. 86), defendants continued to withhold them. Dkt. 97. Defendants cannot make self-serving claims about what occurred and simultaneously refuse to produce all evidence that would allow the Weiskopfs to test (and disprove) those alleged claims. And defendants certainly offer no justification for withholding these materials in violation of the Court's Order.

Under these circumstances, *Saratoga Potato Chip Co.* is instructive. 2015 WL 8488602, at *2. In *Saratoga Potato Chip Co.*, like here, a defendant failed to produce discovery required by the Court's order. *Id.* at *2-3. The Court found that the appropriate sanction for withholding the Court-ordered discovery was to make factual findings, pursuant to Fed. R. Civ. P. 37(b)(2)(A), in favor of the requesting party on the issues that the discovery requests were designed to support. *Id.* at *3.

Here, too, factual findings on the issues that the discovery requests were designed to support is the appropriate sanction. Defendants should not benefit from, and the Weiskopfs should not be prejudiced by, defendants' ongoing refusal to comply with their discovery obligations and a Court order to produce critical evidence.

In this case, the financial information—banking records and tax documents for each defendant and their entities—impacts nearly every claim asserted by the Weiskopfs. These documents will show Mr. Baer's and Ms. Liu's conversion of the Weiskopf Funds for personal uses; that defendants were not truthful about the need for an upfront payment, their plans for the Tiny House, or their work on the Tiny House; and that Tiny Cocoons was not a legitimate entity and was instead being used to commit frauds on consumers.

For example, the use (or misuse) of the Weiskopf Funds—particularly from June-August 2022—will show that Ms. Liu and Mr. Baer were spending the Weiskopf Funds on other matters and, therefore (1) did not need upfront payment because the project was rounding the corner to completion, as claimed; (2) never intended to finish the Tiny House within approximately three months; and (3) knew or reasonably should have known that they could not deliver the Tiny House in approximately three months. Misuse of the Weiskopf Funds also shows Ms. Liu and

Mr. Baer were using Tiny Cocoons as an alter ego or instrumentality for their own personal gain. Indeed, the immediate transfer of the Weiskopf Funds to other accounts controlled by them (Dkt. 54-18) is proof of their abuse of the corporate form. It is appropriate to infer that these bank records and tax returns or documentation would further show that Tiny Cocoons was not a real company, and that the Weiskopf Funds were not used for any expenses related to the Weiskopf Tiny House.

Under *Saratoga Potato Chip Co.* and Fed. R. Civ. P. 37(b)(2)(A), the Court should direct that the following facts are established for the purposes of this action:

(1) Ms. Liu and Mr. Baer were not truthful concerning the need for upfront payment for the Tiny House,

(2) Ms. Liu and Mr. Baer did not use the Weiskopf Funds to complete the Tiny House,

(3) Ms. Liu and Mr. Baer used the Weiskopf Funds for their own personal benefit,

(4) Ms. Liu and Mr. Baer never intended to finish the Tiny House within approximately three months,

(5) Ms. Liu and Mr. Baer knew or should have known that they would not deliver the Tiny House in approximately three months, and

(6) Ms. Liu and Mr. Baer were using Tiny Cocoons as an alter ego and an instrumentality for their own personal gain.

In addition, the Court should not permit defendants to introduce evidence or argument contrary to the above factual findings.

## III. Conclusion

Based on the foregoing, the findings outlined above and in the motion are an appropriate sanction for defendants discovery misconduct.

Dated: November 18, 2024.

DANIEL WEISKOPF

By: /s/ Daniel Weiskopf
Daniel Weiskopf
2012 East Miller Street
Seattle WA 98112
(646) 326-3274
dweiskopf@mcnaul.com
*Plaintiff and Pro Se Counsel*

ELIZABETH WEISKOPF

By: /s/ Elizabeth Weiskopf
Elizabeth Weiskopf
2012 East Miller Street
Seattle WA 98112
(206) 579-3060
elizabeth.weiskopf@gmail.com
*Plaintiff and Pro Se Counsel*

## **CERTIFICATE OF SERVICE**

On November 18, 2024, I served a copy of the following document on all defendants via U.S. Mail:

Chris Baer
2237 Delaware Drive
West Lafayette, IN 47906

Yinan Liu
2237 Delaware Drive
West Lafayette, IN 47906

DATED this 18th day of November, 2024, at Seattle, Washington.

*/s/ Daniel Weiskopf*
Daniel Weiskopf, *Pro se*
dweiskopf@mcnaul.com