UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DANIEL WEISKOPF and ELIZABETH WEISKOPF,<br>    Plaintiffs, | )<br>)<br>)<br>) |
| v. | )   CAUSE NO.: 4:23-CV-71-JEM |
| TINY COCOONS, INC., *et al.*,<br>    Defendants. | )<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Entry of Default and Final Default Judgment against Defendant Tiny Cocoons, Inc., [DE 88], filed on October 15, 2024. Defendant Tiny Cocoons, Inc. was served and appeared by counsel, but counsel has since withdrawn his appearance, leaving Tiny Cocoons, Inc. unrepresented. On motion of Plaintiffs, the Clerk entered a default in this case.

**I.      Background**

Plaintiffs, through counsel, filed a Complaint against Defendants Tiny Cocoons, Inc., Yinan Liu and Chris Baer on August 16, 2023, asserting claims for breach of contract, common law fraud, unjust enrichment, conversion, and violations of the Indiana Deceptive Consumer Sales Act, as well as seeking to pierce the corporate veil and requesting injunctive relief. Defendants appeared and answered through counsel on October 11, 2023. Plaintiffs' counsel thereafter withdrew, and Plaintiffs are now proceeding pro se.[1] Defendants have also been proceeding without counsel since August 8, 2024. On September 3, 2024, Plaintiffs were granted leave to proceed on an amended complaint. Because Tiny Cocoons, Inc. is unrepresented by counsel, it has not filed, and cannot file, an answer to the Amended Complaint.

---

[1] Plaintiffs are attorneys licensed to practice law in Washington, but not the Northern District of Indiana.

1

On April 18, 2024, the parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Analysis**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Unum Life Ins. Co. of Am. v. Nichols*, No. 1:07CV50, 2008 WL 313443, *2 (N.D. Ind. Feb. 4, 2008) (citing *Hill v. Barbour*, 787 F. Supp. 145, 148 n.4 (N.D. Ill. 1992)). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a). Plaintiffs moved for entry of a Clerk's Default, and, on October 17, 2024, the Clerk of the Court entered an Order of Clerk's Default pursuant to Rule 55(a). [DE 94].

After an entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Damages, however, "must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990)). Damages can be proved by documentary evidence and detailed affidavits or by testimony and evidence presented at an evidentiary hearing. *Quincy Bioscience, LLC v. Ellishbooks*, 957 F.3d 725, 730 n.25 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In their motion, Plaintiffs request an award of:

(1)   $97,905 for actual damages, representing the sum they paid for tiny home;
(2)   Enhanced damages of two times their damages, in the sum of $195,810;

2

  (3) $17,657.12 in attorneys fees;
  (4) Prejudgment interest at 8% from the date of filing of the suit;
  (5) Postjudgment interest at 8%.

The same relief is requested in the Amended Complaint.

  Plaintiffs allege, and therefore the Court accepts as true, that Tiny Cocoons agreed to provide a tiny home to Plaintiffs in exchange for the sum of $97,905.00. Plaintiffs paid Tiny Cocoons the sum of $97.905.00 in a payment of $92,769.00 on May 27, 2022, and $5,136.00 on June 7, 2022. Tiny Cocoons has not delivered the tiny home to Plaintiffs.

  Tiny Cocoons' website contained various photographs of their designs and projects. Many of those photographs were stock images from websites like Shutterstock and Home Depot. In emails and oral communication between Plaintiffs and Tiny Cocoons, Tiny Cocoons represented to Plaintiffs that the tiny home ordered by Plaintiffs was already partially built and could be completed within approximately three months. On its website, Tiny Cocoons represented that it had a Creative Team, that it had over 15 years of experience building homes, and that Defendant Liu, a principal and a member of the Creative Team of Tiny Cocoons, had a LEEDS AP certification for green building.

  A. <u>Absence of Legal Counsel</u>

  "[A] corporation cannot litigate in a federal court unless it is represented by a lawyer." *United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008); *see also Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859-60 (7th Cir. 2016); *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002) (noting that withdrawal of counsel most likely "would leave [corporate entities] unrepresented, leading to default judgments against the three corporations (which can appear *only* by counsel)"). "The usual course when a litigant not entitled to litigate pro se loses its lawyer in the midst of the case is to give it a reasonable opportunity to find a new one and, if it fails, either to dismiss the case, or enter a default

judgment." *Hagerman*, 549 F.3d at 538 (internal citations omitted). A district court is "not required to wait indefinitely for [a corporate defendant] to obtain new counsel. Nor is a corporation entitled to grant itself a continuance by firing or failing to pay its lawyers." *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015).

In this case, Tiny Cocoons has had two different sets of counsel, both of which have withdrawn shortly after filing their appearances. Tiny Cocoons has now been without representation for almost four months. It was notified of the motion for default judgment and has had an opportunity to be heard. Tiny Cocoons' principals, Defendant Liu and Baer, have continued to litigate this case, without counsel. Plaintiffs claim that notice of plaintiffs' motion for default judgment was sent via first class mail to both Liu and Baer. *See* DE 88 at 2. Tiny Cocoons has had ample time to secure replacement counsel and respond to the motion for default judgment. Thus, there are no due process concerns to prevent the Court from entering default judgment. *See e.g. Trade Well Int'l*, 825 F.3d at 860.

B. <u>Breach of Contract claim</u>

To succeed on a breach of contract claim, Plaintiffs must prove the existence of a contract, that the defendant breached it, and damages. *U.S. Valves, Inc., v. Dray*, 190 F.3d 811, 814 (7th Cir. 1999). Defendant Tiny Cocoons admitted that it entered into a valid contract with Plaintiffs. Ans. ¶ 52 [DE 14]. Plaintiffs have proved that Tiny Cocoons has failed to deliver the tiny home; this constitutes a breach of the contract. Plaintiffs have also proved that they paid in full the purchase price of the tiny home.

Plaintiffs have proved that Tiny Cocoons breached the contract it had with Plaintiffs and, through the exhibits to the Amended Complaint, have proved that the amount of damages is

4

$97,905, the amount they paid for the tiny home which they did not receive. Am. Comp. Exs. C and D [DE 85-3,85-4].

C. Common Law Fraud claim

A common law fraud cause of action in Indiana requires a plaintiff to prove: 1) a material misrepresentation of a past or existing fact; 2) made with knowledge or reckless disregard of its falsity; 3) which caused reliance to the detriment of the person relying upon it. *Hart v. Steel Prod., Inc.*, 666 N.E.2d 1270, 1274 (Ind. Ct. App. 1996).

Plaintiffs have proved that Tiny Cocoons' website, which identified various models of tiny homes and various designs as its models or designs, actually contained stock images of tiny homes or designs from websites such as Shutterstock or Home Depot. Using stock photographs of other's designs or projects as representations of their own designs or projects was a material misrepresentation of a past or existing fact. The representations that Defendant Liu was certified as LEED AP, when at the time of the representation she was not, was also a material representation of past or existing facts. Plaintiffs have proved that they relied on these misrepresentations when entering into the contract with Tiny Cocoons, Inc., and that their reliance was detrimental to them. Am. Comp., ¶¶ 66, 68 [DE 85]. Plaintiffs have also proved that Tiny Cocoons knew these statements to be untrue when made. Am. Comp., ¶¶ 66, 68 [DE 85], p. 21-22.

Plaintiffs also assert that Tiny Cocoons' statements as to the status of the home's construction and its ability to quickly deliver a sample unit are fraudulent misrepresentations. Knowing misrepresentations of past or existing facts constitute common law fraud. *Hart v. Steel Prod., Inc.*, 666 N.E.2d 1270, 1274 (Ind. Ct. App. 1996). However, Tiny Cocoons' statements as to future facts, i.e., when the home would be completed, is not a material misrepresentation of a

past or existing fact, and Plaintiffs have not proved that it meets the requirements to constitute common law fraud. Am. Comp., ¶¶ 66, 68 [DE 85].

D. Conversion claim

Conversion under Indiana law is the knowing or intentional exertion of unauthorized control over property of another person. Ind. Code § 34-24-3-1. Plaintiffs have shown that Tiny Cocoons committed conversion by taking Plaintiffs' money and failing to either deliver the tiny home or to return the money. Am. Compl. ¶¶ 178-182 [DE 85]. "With respect to a conversion claim, damages are restricted to actual losses sustained as a proximate result of the conversion." *SJS Refractory Co., LLC v. Empire Refractory Sales, Inc.*, 952 N.E.2d 758, 766 (Ind. Ct. App. 2011). Plaintiffs have also shown that they suffered pecuniary losses as a result of Tiny Cocoons' conversion.

E. Indiana Deceptive Consumer Sales Act claim

The Indiana Deceptive Consumer Sales Act provides that "a supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Ind. Code § 24-5-0.5-3(a). Plaintiffs have proved that Tiny Cocoons' website was rife with misstatements and false implications. Am. Comp. ¶¶ 18, 21, Exs. M-R [DE 85; DE 85-13-18]. Plaintiffs have also proved that Tiny Cocoons made numerous misstatements as to the status of the construction of the tiny home, the anticipated timeline for completion, the qualifications and expertise of Tiny Cocoons, and Tiny Cocoons' use of Plaintiffs' funds. Am. Comp. ¶¶ 66, 67, 68, 74 [DE 85]. Unlike with common law fraud, the misrepresentations as to delivery date are deceptive business practices and satisfy an element of the cause of action for a violation of the Indiana Deceptive Consumer Sales Act. Ind. Code § 24-5-0.5-3(b)(1)(10). Accordingly, Plaintiffs have proved that Tiny Cocoons has violated the Indiana Deceptive Consumer Sales Act.

The Indiana Deceptive Consumer Sales Act provides for an award of enhanced damages. Ind. Code § 24-5-0.5-4. Likewise, Indiana law provides for enhanced damages, up to treble damages in conversion claims. Ind. Code § 34-24-3-1. Plaintiffs seek enhanced damages of two times their actual damages of $97,905.00, or a total of $195,810.00. As described above, because Plaintiffs have proved that Tiny Cocoons violated the Indiana Deceptive Consumer Sales Act, and committed conversion, they are entitled to enhanced damages.  Ind. Code § 24-5-0.5-4; Ind. Code § 34-24-3-1.

F. Attorney's Fees

Both the Indiana Deceptive Consumer Sales Act and the Indiana law regarding conversion claims permit the recovery of attorneys' fees for successful plaintiffs. Ind. Code § 24-5-0.5-4(a) and § 34-24-3-1. The Court has reviewed the billing records submitted as exhibits to the Amended Complaint, and notes that all detail has been redacted. Though the Court will grant the request for an award of reasonable attorney fees, the information necessary to determine the amount of reasonable attorney fees is not currently before the Court. Although the Court has been apprised of the hourly rates charged by counsel, and dates and hours of work performed on those dates, the redacted attorney billing records do not allow the Court to determine the reasonableness of the fees, or the work performed. Ind. Code § 24-5-0.5-4(a). Therefore, the Court will order Plaintiffs to submit unredacted detailed billing, under seal, for the Court's review.

G. Interest claims

Plaintiffs also seek prejudgment and postjudgment interest at 8% from the date suit was filed.

"Prejudgment interest is intended to compensate a plaintiff for delay in receiving money it should have received much earlier or should not have been required to spend in the first

place." *BRC Rubber & Plastics, Inc. v. Cont'l Carbon Co.*, 981 F.3d 618, 634 (7th Cir. 2020). "In diversity actions . . . , a federal court must look to state law to determine the propriety of awarding prejudgment interest." *Id.* at 635 (quoting *Travelers Ins. Co. v. Transport Ins. Co.*, 846 F.2d 1048, 1051 (7th Cir. 1988)) (applying Indiana law). An award of prejudgment interest "applies to any civil action arising out of tortious conduct," and conversion is a tortious cause of action. *Id; Chem-Age Indus. v. Glover,* 2002 SD 122 (S.D. 2002) (conversion is an intentional tort.) Additionally, "Indiana courts routinely award prejudgment interest on breach of contract claims." *See Vale Park Animal Hosp., LLC v. Project 64, LLC*, 2023 U.S. Dist. LEXIS 13390, at *9 (N.D. Ind. Jan. 26, 2023). "An award of prejudgment interest in a contract action is appropriate purely as a matter of law when the breach did not arise from tortious conduct, the amount of the claim rests on a simple calculation, and the trier of fact does not need to exercise its judgment to assess the amount of damages." *Care Grp. Heart Hosp., LLC v. Sawyer*, 93 N.E.3d 745, 757 (Ind. 2018). "The test for determining whether an award of prejudgment interest is appropriate is whether the damages are complete and may be ascertained as of a particular time. . . . Therefore, an award of pre-judgment interest is generally not considered a matter of discretion." *Sollers Point Co. v. Zeller*, 145 N.E.3d 790, 801 (Ind. Ct. App. 2020).

      Here, an award of prejudgment interest is appropriate because the amount of the claim rests upon a simple calculation: the amount Plaintiffs paid Tiny Cocoons. These damages are complete and ascertainable. Prejudgment interest is appropriately calculated from August 16, 2023 (the date Plaintiffs filed suit, which is the latest possible date demand was made), to December 2, 2024 (the date of entry of this Order).

      Federal law provides that interest is to be calculated using the prime rate, and which interest rate to choose is within the discretion of the Court. *Frey v Hotel Coleman*, 903 F.3d 671, 682 (7th

Cir. 2018) ("a district court may use its discretion to determine which is more likely to make the plaintiff whole—the state statute or the prime rate"). Prejudgment interest in Indiana is between 6% and 10% for tort actions. Ind. Code § 34-51-4-1, *et seq.* As Plaintiffs assert, 8% is the statutory rate for prejudgment and postjudgment interest under Indiana state law. *BRC Rubber & Plastics, Inc.*, 981 F.3d at 636 ("Where the parties have not agreed to a specified interest rate, Indiana law directs courts to use the rate of 8% per year.") (quoting *Care Group Heart Hospital, LLC*, 93 N.E.3d at 757, citing Ind. Code § 24-4.6-1-102).

The Court, in its discretion, finds that an interest rate of 8% is more likely to make Plaintiffs whole than the federal prime rate. Therefore, the Court will apply the middle of the Indiana state rate for prejudgment interest, resulting in daily interest of $21.46, from August 16, 2023, through December 2, 2024. Accordingly, Plaintiffs are titled to a total of $10,172.04 prejudgment interest. *See* Ind. Code § 34-51-49. Plaintiffs have asked for compound interest; however, the Indiana statutory provision for prejudgment interest in tort actions provides for calculation of interest at the simple rate, Ind. Code § 34-51-49, and Plaintiffs have not presented an argument for compounding interest.

Indiana state law provides for an 8% postjudgment interest rate, unless the parties have a contract which provides for a lower rate. Ind. Code § 24-4.6-1-101; Ind. Code § 24-4.6-1-104. An award of postjudgment interest is not discretionary. *Id*. Therefore, postjudgment interest at the rate of $21.46 per day from December 3, 2024 through the date of payment will accrue.

H.  Other claims

Unjust enrichment under Indiana Law is an alternative to a breach of contract, and, since the Court is granting judgment in Plaintiffs' favor on the breach of contract cause of action, it need not also enter judgment against Tiny Cocoons, Inc., on the basis of unjust enrichment.

The Court will not pierce the corporate veil and enter judgment against Defendants Liu and Baer as a part of a default judgment against Tiny Cocoons.

Plaintiffs also seek injunctive relief against Tiny Cocoons in the form of requiring an accounting of the use by Tiny Cocoons, Inc. of the $97,905.00 paid by them to Plaintiffs. However, since judgment in that sum is being granted in Plaintiffs' favor, an accounting is not necessary.

### III. Conclusion

Accordingly, the Court hereby **GRANTS in part** and **TAKES UNDER ADVISEMENT in part** Plaintiffs' Motion for Entry of Default and Final Default Judgment against Defendant Tiny Cocoons, Inc., [DE 88].

The Court **AWARDS** judgment in favor of Plaintiffs Daniel Weiskopf and Elizabeth Weiskopf and against Defendant Tiny Cocoons, Inc. in the amount of $97,905.00 for actual damages, enhanced damages of $195,810.00, prejudgment interest at the simple interest rate of 8% through the date of this judgment in the sum of $10,172.04, and postjudgment interest at the rate of 8% pursuant to Indiana state law from the date of this judgment until paid.

The Court also **AWARDS** in favor of Plaintiffs and against Defendant Tiny Cocoons, Inc., Plaintiffs' reasonable attorney fees, but the Court takes the question of the amount of the fees under advisement and **ORDERS** Plaintiffs to submit, under seal, unredacted detailed billing of attorney time in support of Plaintiffs' request for an award of reasonable attorney fees **on or before December 30, 2024**. The billing may be submitted *in camera*.

SO ORDERED on 3rd day of December, 2024.

                                          s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc:    Plaintiffs Daniel and Elizabeth Weiskopf, *pro se*
        Defendants Chris Baer and Yinan Liu, *pro se*
        Defendant Tiny Cocoons, Inc.