UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| DANIEL WEISKOPF and ELIZABETH WEISKOPF, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 4:23-CV-71-JEM |
| TINY COCOONS, INC., *et al*., Defendants. | ) ) ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Sanctions for Defendants' Failure to Comply with Discovery Order [DE 98], filed November 18, 2024. Plaintiffs move for sanctions against Defendants Liu and Baer based on their continued failure to properly respond to discovery requests and their failure to abide by this Court's prior order compelling discovery. Defendants filed responses on December 13, 2024, and Plaintiffs filed their reply on December 20, 2024.

**I.   Background**

On September 12, 2024, the Court granted in part Plaintiffs' motion to compel and ordered Defendants to fully respond to Interrogatory 1 and provide information and documents responsive to a number of requests for production. [DE 86]. After several extensions of time, Defendants filed their responses on October 15, 2024 [DE 92, 93, and 95]. Plaintiffs now argue that Defendants' document production and answer to interrogatory 1 fail to satisfy the terms of this Court's September 12, 2024, Order, and request that Defendants be sanctioned for that failure by this Court making certain factual rulings adverse to Defendants.

**II.   Standard of Review**

A federal court has the inherent authority "'to fashion an appropriate sanction for conduct which abuses the judicial process,' including the 'particularly severe sanction' of dismissal."

*Abner v. Kendall v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Federal Rule of Civil Procedure 37 provides for sanctions in particular discovery-related instances, including failure to serve answers, objections, or written responses to Rule 33 interrogatories or Rule 34 requests for production. Fed. R. Civ. P. 37(d)(1)(A)(ii).

If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including dismissal of the action or prohibiting the disobedient party from introducing those matters into evidence. Fed. R. Civ. P. 37(b)(2)(A). Discovery sanctions should be "proportionate to the circumstances" of the failure to comply. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996). In determining the appropriate sanction, the Court should consider the prejudice to the other party, whether the proposed sanction would cure any asserted prejudice, and the likelihood of disruption to the trial. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011).

### III.   Analysis

Plaintiffs argue that Defendants' answer to interrogatory 1 and document production still fail to comport with the applicable federal rules and this Court's prior Order and request that the Court order sanctions against Defendants. In particular, they request that the Court direct particular findings. In response, Defendants argue that sanctions are inappropriate and that some of Defendant Baer's financial records were lost in a foreclosure.[1]

#### A.   Discovery Requests

Plaintiffs assert that Defendants' supplemental answer to interrogatory 1 and the requests to produce remain insufficient because the personal records of the Defendants and their other

---

[1] Defendant Baer's foreclosure apparently occurred in October 2024, after this Court's order on the Motion to Compel.

2

business entities, including BaerEnterprises and Chloeestates, including bank records and tax returns, or purchase receipts, labor records, or the like have not been provided. The Court's review of the discovery responses reveals that the production includes only a few invoices from Baer Enterprises, Inc. and Defendant Liu, none of which are accompanied by any receipts or records to support the invoiced amounts, and a list of expenditures, again without supporting documents. These documents do not fully respond to the interrogatory or the requests for production, and as a result Defendants' supplemental response does not comply with this Court's September 12, 2024 Order.

      B. <u>Remedy</u>

As a sanction for their lack of compliance with the Rules and the Court's Order, Plaintiffs ask that the Court make a number of factual findings. The proposed factual findings would ultimately potentially be dispositive of the matter and such a drastic measure is only appropriate if Plaintiffs can demonstrate "evidence of willfulness, bad faith or fault." *Maynard v. Nygren*, 332 F.3d. 462, 468 (7th Cir. 2003). The burden of proving the willfulness, bad faith or fault is one of "a preponderance of the evidence." *Ridge Chrysler Jeep, LLC v. DaimlerChrysler Financial Serv. Americas LLC*, 516 F.3d 623, 625 (7th Cir. 2008). Although it appears that Defendants are being either unnecessarily obtuse about the discovery responses or deliberately vague and obstructive, Plaintiffs have not demonstrated by a preponderance of the evidence that Defendants' responses are willful, in bad faith or with fault. Directed findings such as those requested by Plaintiffs are not warranted at this time, and Defendants should be given a final opportunity to cure their deficient discovery responses. Defendants are warned that if they fail to do so, they will be barred from producing evidence supporting their position that has not been provided in discovery. Fed. R. Civ. P. 37(b)(2)(A)(ii).

## IV. Conclusion

For the foregoing reasons, the Court **ORDERS** that, on or before **February 14, 2025**, Defendants Liu and Baer respond to Interrogatory 1 and the Requests to Produce, by:

> a) producing all bank account records, credit card statements, tax returns, financial statements, statements of accounts, or other similar records of Tiny Cocoons, Inc., Yinan Liu, Chris Baer, BaerEnterprises, Inc., (and any other name that entity uses), and Chloeestates (and any other name that entity uses) from May 1, 2022 through the current date;
>
> b) producing each receipt for each expenditure for the Weiskopfs' tiny house; and
>
> c) producing every time record of any person, contractor, company, or worker who worked on the Weiskopfs' tiny house.

The Court **WARNS** Defendants that their failure to comply is likely to result in sanctions,.

SO ORDERED on 10th day of January, 2025.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   Plaintiffs Daniel and Elizabeth Weiskopf, *pro se*
      Defendants Chris Baer and Yinan Liu, *pro se*
      Defendant Tiny Cocoons, Inc.