UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DANIEL WEISKOPF and ELIZABETH WEISKOPF, <br>      Plaintiffs, <br> <br>      v. <br> <br> TINY COCOONS, INC., *et al.*, <br>      Defendants. | ) <br> ) <br> ) <br> ) <br> )    CAUSE NO.: 4:23-CV-71-JEM <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Renewed Motion for Sanctions for Chris Baer's Failure to Comply with Discovery Orders [DE 113], filed March 10, 2025. Defendant Baer filed a pleading entitled a "Dispositive Motion to Resolve this Case" on March 28, 2025. Plaintiffs did not file a reply in support of their motion and the time to do so has expired. All parties are proceeding *pro se*, although Plaintiffs are attorneys licensed in other jurisdictions.

**I.   Background**

On September 12, 2024, the Court granted in part Plaintiffs' motion to compel and ordered Defendants to fully respond to Interrogatory 1 and provide information and documents responsive to a number of requests for production [DE 86]. After several extensions of time, Defendants filed their discovery responses on October 15, 2024 [DE 92, 93, and 95]. Plaintiffs filed a motion for sanctions in November 2024, arguing that Defendants' document production and answer to interrogatory 1 fail to satisfy the terms of this Court's September 12, 2024, Order, and requesting that Defendants be sanctioned for that failure. On January 10, 2025, the Court granted that motion in part and ordered the Defendants to supplement their discovery responses by producing additional documents, and warned the Defendants that "their failure to comply is likely to result in sanctions." [DE 109]. Defendant Liu subsequently tendered additional discovery responses, but Defendant Baer did not. Plaintiffs now move for sanctions against Defendant Baer based on his

1

continued failure to properly respond to discovery requests and his failure to abide by this Court's prior orders compelling discovery.

Instead of a response to the motion, Baer filed a document which was akin to an offer of judgment, but did not raise any substantive response. Plaintiffs filed a response to that document on April 7, 2025, which points out that Baer's document contains numerous references to ideas and concepts espoused by sovereign citizens, and the requests therein should be rejected.

## II. Standard of Review

A federal court has the inherent authority "'to fashion an appropriate sanction for conduct which abuses the judicial process,' including the 'particularly severe sanction' of dismissal." *Abner v. Kendall v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Federal Rule of Civil Procedure 37 provides for sanctions in particular discovery-related instances, including failure to serve answers, objections, or written responses to Rule 33 interrogatories or Rule 34 requests for production. Fed. R. Civ. P. 37(d)(1)(A)(ii).

If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including dismissal of the action or prohibiting the disobedient party from introducing those matters into evidence. Fed. R. Civ. P. 37(b)(2)(A). Discovery sanctions should be "proportionate to the circumstances" of the failure to comply. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996). In determining the appropriate sanction, the Court should consider the prejudice to the other party, whether the proposed sanction would cure any asserted prejudice, and the likelihood of disruption to the trial. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011).

**III.   Analysis**

Plaintiffs argue that Defendant Baer's prior answer to interrogatory 1 and document production failed to comport with the applicable federal rules and this Court's prior Order and that he has failed to supplement his discovery responses in accordance with the Court's January 10, 2025, Order. On that basis, they seek sanctions against Defendant Baer in the form of the Court directing particular findings.

Plaintiffs filed a Complaint against Defendants Tiny Cocoons, Inc., Yinan Liu, and Chris Baer on August 16, 2023, asserting claims for breach of contract, common law fraud, unjust enrichment, conversion, and violations of the Indiana Deceptive Consumer Sales Act, as well as seeking to pierce the corporate veil and requesting injunctive relief. The claims arise out of Plaintiffs' attempt to purchase a house from Defendants that was never delivered as promised. Default judgment has been entered against Tiny Cocoons, Inc.

Baer has failed to tender adequate discovery responses regarding his use of the funds he received from Tiny Cocoons for construction work he was supposed to do Plaintiffs' tiny home. Sanctions against him are therefore appropriate based on his continued lack of compliance with the Rules and Orders of the Court. Fed. R. Civ. P 37(b)(2)(A). As a sanction for Baer's continuing lack of compliance with the Rules and the Court's Order, Plaintiffs ask that the Court make a number of factual findings, including that Baer received certain funds from the funds paid to Defendant Tiny Cocoons; that Baer did not use those funds to complete Plaintiffs' tiny house; that Baer used those funds for his personal benefit; that as a result, Baer never had the ability to timely finish the tiny house; that Baer knew he lacked the ability to timely complete the tiny house; and the reasons for the delay in completion of the tiny house was Baer's misuse of those funds and not other causes.

In response to the prior motion for sanctions, Baer failed to offer any substantiated reason for his failure to produce the documents sought, or to fully answer the interrogatory as to the use of the funds. He failed to further respond or produce any further documents, again without excuse. Baer has therefore failed to establish that his failure to produce or answer were substantially justified or harmless. Fed. R. Civ. P. 37(c). Sanctions are therefore appropriate.

The specific proposed factual findings would ultimately potentially be dispositive of the matter and such a drastic measure is only appropriate if Plaintiffs can demonstrate "evidence of willfulness, bad faith or fault." *Maynard v. Nygren*, 332 F.3d. 462, 468 (7th Cir. 2003). The burden of proving the willfulness, bad faith or fault is one of "a preponderance of the evidence." *Ridge Chrysler Jeep, LLC v. DaimlerChrysler Financial Serv. Americas LLC*, 516 F.3d 623, 625 (7th Cir. 2008). Plaintiffs have shown that Baer has simply refused to provide the requested information, and he has offered no credible excuse for this failure to the Court. Because Plaintiffs have shown that Baer's failure to comply was willful or in bad faith by a preponderance of the evidence, making findings which may be dispositive is also appropriate.

Because Baer has failed to fully respond to discovery regarding his use of certain funds, the Court finds it is appropriate to issue sanctions in the form of a finding that he did not properly use those funds. Fed. R. Civ. P. 37(b)(2)(A)(i). It is also appropriate to bar Baer from introducing evidence he has not produced or opposing claims that he properly used those funds. Fed. R. Civ. P. 37(b)(2)(A)(ii). Some of the proposed findings would also have adverse results as to Defendant Liu, who is not the subject of this motion, thereby exceeding the appropriate scope of sanctions against one party. The Court will make findings that relate only to Baer's conduct. The Court therefore finds that Mr. Baer received the funds referred to and did not use those funds to complete the Plaintiffs' tiny house. The Court makes no finding as to what use Baer did make of those funds,

what he knew or should have known, or the results of his taking of those funds. Those findings involve inferences from facts which can be established by evidence, like the discovery information not tendered by Baer, but are not themselves dependent on that evidence. Plaintiffs are free to argue the consequences of the lack of records at trial or in a dispositive motion.

Defendants were warned that if they failed to comply with this Court's Orders, they would be barred from producing evidence supporting their position that has not been provided in discovery. Fed. R. Civ. P. 37(b)(2)(A)(ii). Defendant Baer may not rely on any evidence at trial that has not been produced in discovery.

Baer's pleading entitled "Dispositive Motion to Resolve this Case" [DE 115] is not a proper motion, but rather something like an offer of judgment pursuant to Federal Rule of Civil Procedure 68. It seeks relief that cannot be granted as requested, particularly in light of the various sovereign citizen style assertions and references to non-existent trusts. Because it is not a proper motion, it must be denied.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS in part** Plaintiffs' Renewed Motion for Sanctions for Chris Baer's Failure to Comply with Discovery Orders [DE 113] and **FINDS** that:

A. Defendant Chris Baer received $64,760 on June 1, 2022, and $3,852 on June 8, 2022, in funds received from Plaintiffs for the completion of their tiny house;

B. Defendant Chris Baer did not use those funds for the completion of the Plaintiffs' tiny house.

The Court **ORDERS** that Defendant Baer may not introduce at trial, or rely on in arguing any motion, any information not produced during discovery and may not oppose Plaintiffs' claims that he received those funds and that he did not use those funds for the completion of their tiny house.

5

The Court **DENIES** any relief requested in the pleading filed at [DE 115]; however, if the parties agree that they all wish to participate in good faith in a judicial settlement conference they may advise the Court of that at the status hearing currently scheduled for **April 17, 2025 at 10:30 a.m.** (Central Time).

SO ORDERED on 9th day of April, 2025.

                                                    s/ John E. Martin
                                                    MAGISTRATE JUDGE JOHN E. MARTIN
                                                    UNITED STATES DISTRICT COURT

cc:      Plaintiffs Daniel and Elizabeth Weiskopf, *pro se*
           Defendants Chris Baer and Yinan Liu, *pro se*
           Defendant Tiny Cocoons, Inc.