UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DANIEL WEISKOPF and ELIZABETH WEISKOPF, Plaintiffs, | ) ) ) ) |
| v. | ) CAUSE NO.: 4:23-CV-71-JEM |
| TINY COCOONS, INC., *et al.*, Defendants. | ) ) ) ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment against Yinan Liu and Chris Baer [DE 134], filed on June 24, 2025, and a pleading called "Dispositive Motion to Resolve the Case" [DE 140], filed by Defendant Baer on July 29, 2025.

### I. Background

Plaintiffs, through counsel, filed a Complaint against Defendants Tiny Cocoons, Inc., Yinan Liu and Chris Baer on August 16, 2023, asserting claims for breach of contract, common law fraud, unjust enrichment, conversion, and violations of the Indiana Deceptive Consumer Sales Act, as well as seeking to pierce the corporate veil and requesting injunctive relief. Defendants appeared and answered through counsel on October 11, 2023. Plaintiffs' counsel thereafter withdrew, and Plaintiffs are now proceeding pro se.[1] Defendants have also been proceeding without counsel since August 8, 2024. On September 3, 2024, Plaintiffs were granted leave to proceed on an amended complaint. On December 3, 2024, the Court entered judgment against Defendant Tiny Cocoons, Inc. [DE 100].[2] The Court found that Tiny Cocoons breached its contract

---

[1] Plaintiffs are attorneys licensed to practice law in Washington, but not the Northern District of Indiana.
[2] The Judgment was amended on January 7, 2025, to include attorneys' fees after the Court received attorney invoices. [DE 108].

1

with Plaintiffs, committed common law fraud and conversion and violated the Indiana Deceptive Consumer Sales Act, and awarded damages, enhanced damages, interest, and attorneys' fees.

Discovery has now closed, and Plaintiffs move for summary judgment against the individual defendants on the conversion and Indiana Deceptive Consumer Sales Act claims. In the alternative, they request that Tiny Cocoon's corporate veil be pierced as to Liu, or that judgment be entered against the individual Defendants on the basis of unjust enrichment. Liu filed her response on July 15, 2025, and Plaintiffs filed their reply on July 29, 2025. Rather than file a response, Baer filed the document called "Dispositive Motion to Resolve the Case" [DE 140] on July 15, 2025, to which Plaintiffs filed their response on July 29, 2025. Baer did not file a reply, and the time to do so has expired.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.    Standard of Review**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

### III. Facts

Tiny Cocoons agreed to construct a tiny home for Plaintiffs. Plaintiffs paid Tiny Cocoons the sum of $97,905.00 in a payment of $92,769.00 on May 27, 2022, and $5,136.00 on June 7, 2022. Tiny Cocoons has not delivered the tiny home to Plaintiffs.

Many of the photographs on Tiny Cocoons' website were stock images from websites like Shutterstock and Home Depot. In emails and oral communication between Plaintiffs and Tiny Cocoons, Tiny Cocoons represented to Plaintiffs that the home ordered by Plaintiffs was already partially built and could be completed within approximately three months. On its website, Tiny Cocoons represented that it had a Creative Team, that it had over 15 years of experience building homes, and that Liu, a principal and a member of the Creative Team of Tiny Cocoons, had a LEEDS AP certification for green building. However, Tiny Cocoons was not the builder of the tiny home. Instead, another entity owned by Baer was responsible for the actual construction. Plaintiffs were not aware of this.

Tiny Cocoons transferred the sum of $2,000 to Baer on May 27, 2022, $64,760 to Baer on June 1, 2022, and $3,852 to Baer on June 8, 2022. Tiny Cocoons transferred $22,345 to Liu on June 2, 2022.

Plaintiffs demanded the return of their money on June 16, 2023. Tiny Cocoons was dissolved on June 27, 2023. Liu was the founder, sole principal and president of Tiny Cocoons.

The Court previously found, as a discovery sanction, that Defendant Baer received $68,612.00 of Plaintiffs' funds and did not use those funds to construct the home ordered by Plaintiffs.

3

**IV.    Analysis**

A. <u>Conversion claim</u>

Conversion under Indiana law is the knowing or intentional exertion of unauthorized control over property of another person. Ind. Code § 34-24-3-1. The Court previously found that Tiny Cocoons committed conversion by taking Plaintiffs' money and failing to either deliver the tiny home or to return the money. [DE 100]. "With respect to a conversion claim, damages are restricted to actual losses sustained as a proximate result of the conversion." *SJS Refractory Co., LLC v. Empire Refractory Sales, Inc.*, 952 N.E.2d 758, 766 (Ind. Ct. App. 2011).

Plaintiffs argue that corporate officers responsible for acts which constitute conversion by a corporation can be personally liable. Liu argues that summary judgment would be unfair but does not address the argument that she is responsible for the acts of her corporate entity which have already been found to constitute conversion.

Liu was the sole corporate officer of Tiny Cocoons. She can therefore be held personally liable for Tiny Cocoons' conversion. *In re First Fin. Assocs., Inc.*, 371 B.R. 877, 902–03 (Bankr. N.D. Ind. 2007) ("Corporate officers may be held personally liable for tortious or fraudulent corporate acts in which they participate.") (citing *Indiana Dep't of Transp. v. McEnery*, 737 N.E.2d 799, 802 (Ind. Ct. App. 2000)); *Am. Indep. Mgmt. Sys., Inc. v. McDaniel*, 443 N.E.2d 98 (Ind. Ct. App. 1982). Liu was instrumental in the website misrepresentations as well as participating in the communications about delivery of the house, and she received funds from Tiny Cocoons which had been sent by Plaintiffs. She therefore has "an additional connection with the tort" which is sufficient to establish personal liability. *Roake v. Christensen*, 528 N.E.2d 789, 791-92 (Ind. Ct. App. 1988). Accordingly, she is jointly and severally responsible for the amounts owed to Plaintiffs along with Baer and Tiny Cocoons, Inc.

Indiana law provides for enhanced damages of up to treble damages in conversion claims. Ind. Code § 34-24-3-1. Plaintiffs seek enhanced damages of two times their actual damages of $97,905.00, or a total of $195,810.00. Because Plaintiffs have proved that Tiny Cocoons committed conversion, and Liu can be personally liable for that tortious act, they are entitled to enhanced damages from Liu. Ind. Code § 34-24-3-1. *Sam's NA, Inc. v. U.S. Small Buss. Admin. (In re Sam's NA, Inc.)*, Nos. 13-90259-BHL-11, 14-59035, (Bankr. S.D. Ind. Oct. 19, 2016); *Gilliana v. Paniaguas*, 708 N.E.2d 895, 900 (Ind. Ct. App. 1999) (treble damages were appropriate when pool contractor misrepresented material facts to homeowners who believed him to be a pool expert and relied on his expertise.)

Baer is not a corporate officer and therefore, cannot be liable for the acts of Tiny Cocoons on that basis. However, Plaintiffs also argue that Baer should be held personally liable because he committed conversion by deceiving them into sending the money to Tiny Cocoons and not delivering the house. They argue that this knowing deception creates unauthorized control over their property and is conversion.

Under Indiana law, unauthorized control for purposes of committing conversion occurs when it is exerted by "by creating or confirming a false impression in the other person," or "by promising performance that the person knows will not be performed." Ind. Code § 35-43-4-1(b)(4)(6); *see also Stephens v. Tabscott*, 159 N.E.3d 634, 641 (Ind. Ct. App. 2020) ("[A] person's control over the property of another is 'unauthorized' if it is exerted 'by creating or confirming a false impression in the other person' or 'by promising performance that the person knows will not be performed.'"). Here, Baer participated in the communications which constituted misrepresentations as to delivery date and construction status. He therefore controlled the property of the Plaintiffs in an unauthorized fashion by creating or confirming a false impression and by

5

promising performance that he knew would not be performed, and therefore he personally committed conversion. He is also jointly and severally liable, along with Liu and Tiny Cocoons, Inc., for the damages caused by the conversion. In accord with the analysis above, Baer is also liable for enhanced damages. Ind. Code § 34-24-3-1.

Additionally, Baer received $70,612 of Plaintiffs' money from Tiny Cocoons and has failed to deliver the house or return the money. Summary judgment against Baer in the sum of $70,612.00 on the conversion claim is appropriate. In addition to being liable as an officer for Tiny Cocoons' conversion, Liu personally committed conversion by failing to return the $22,345 paid by Plaintiffs to Tiny Cocoons, so that forms an additional basis for judgment against her.

B. Indiana Deceptive Consumer Sales Act claim

The Indiana Deceptive Consumer Sales Act provides that "a supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction." Ind. Code § 24-5-0.5-3(a). Plaintiffs argue that Liu and Baer are liable as suppliers within the meaning of the Act. The Act defines a supplier as "a seller . . . or other person who regularly engages in or solicits consumer transactions." Ind. Code § 24-5-0.5-2(a)(3)(A). Plaintiffs argue that as the sole manager of Tiny Cocoons, Liu was responsible for its website and that the misrepresentations on the website therefore constitute unfair, abusive or deceptive acts by Liu. Plaintiffs also argue that the misrepresentation that Tiny Cocoons was building the tiny home when it was actually being built by an entity owned by Baer constitutes another deceptive act by Liu and Baer, as were the misrepresentations about the delivery date. Although the Court has found that these statements were violations of the Act by Tiny Cocoons [DE 100], Plaintiffs have failed to show that Liu or Baer were suppliers within the meaning of the Act because they have not shown that Liu and Baer were acting individually. Plaintiffs state as a fact that Defendants were suppliers,

6

but do not provide any analysis of how, when acting in their business capacity, the Defendants individually became suppliers. Summary Judgment on the Indiana Deceptive Consumer Sales Act claim is not granted against Baer or Liu individually.

C. Attorney's Fees

Indiana law regarding conversion claims permits the recovery of attorneys' fees for successful plaintiffs. Ind. Code § 34-24-3-1. The Court previously reviewed the billing records and entered judgment in favor of Plaintiffs against Tiny Cocoons in the sum of $16,100.00. That fee award is also reasonable to be entered jointly and severally against Liu and Baer.

D. Interest claims

Plaintiffs also seek prejudgment and postjudgment interest at 8% from the date suit was filed. The Court previously determined that an award of pre- and post-judgment interest at the rate of 8% per annum was appropriate against Tiny Cocoons and it will also be awarded against Liu and Baer.

"Prejudgment interest is intended to compensate a plaintiff for delay in receiving money it should have received much earlier or should not have been required to spend in the first place." *BRC Rubber & Plastics, Inc. v. Cont'l Carbon Co.*, 981 F.3d 618, 634 (7th Cir. 2020). "In diversity actions . . . , a federal court must look to state law to determine the propriety of awarding prejudgment interest." *Id.* at 635 (quoting *Travelers Ins. Co. v. Transport Ins. Co.*, 846 F.2d 1048, 1051 (7th Cir. 1988)) (applying Indiana law). An award of prejudgment interest "applies to any civil action arising out of tortious conduct," and conversion is a tortious cause of action. *Id.*; *see also Chem-Age Indus. v. Glover,* 2002 SD 122 (S.D. 2002) (explaining that conversion is an intentional tort.) Additionally, "Indiana courts routinely award prejudgment interest on breach of contract claims." *Vale Park Animal Hosp., LLC v. Project 64, LLC*, 2023

U.S. Dist. LEXIS 13390, at *9 (N.D. Ind. Jan. 26, 2023). "An award of prejudgment interest in a contract action is appropriate purely as a matter of law when the breach did not arise from tortious conduct, the amount of the claim rests on a simple calculation, and the trier of fact does not need to exercise its judgment to assess the amount of damages." *Care Grp. Heart Hosp., LLC v. Sawyer*, 93 N.E.3d 745, 757 (Ind. 2018). "The test for determining whether an award of prejudgment interest is appropriate is whether the damages are complete and may be ascertained as of a particular time. . . Therefore, an award of pre-judgment interest is generally not considered a matter of discretion." *Sollers Point Co. v. Zeller*, 145 N.E.3d 790, 801 (Ind. Ct. App. 2020).

Here, an award of prejudgment interest is appropriate because the amount of the claim rests upon a simple calculation: the amount of the funds which Plaintiffs paid to Tiny Cocoons that was not returned, or in the alternative, the amount of funds which were transferred to the individual Defendants within days of receipt by Tiny Cocoons. These damages are complete and ascertainable. Prejudgment interest is appropriately calculated from August 16, 2023 (the date Plaintiffs filed suit, which is the latest possible date demand was made), to the date of this Order.

Federal law provides that interest is to be calculated using the prime rate, and which interest rate to choose is within the discretion of the Court. *Frey v. Hotel Coleman*, 903 F.3d 671, 682 (7th Cir. 2018) ("a district court may use its discretion to determine which is more likely to make the plaintiff whole—the state statute or the prime rate"). Prejudgment interest in Indiana is between 6% and 10% for tort actions. Ind. Code § 34-51-4-1, *et seq.*

The Court, in its discretion, finds that an interest rate of 8% is more likely to make Plaintiffs whole than the federal prime rate. Therefore, the Court will apply the middle of the Indiana state rate for prejudgment interest, resulting in daily interest of $21.45 on the sum of $97,905.00 from August 16, 2023, through August 28, 2025, for a total of $15,921 against both Defendants. Daily

8

interest of $4.90 accrued on the $22,345 that Liu is personally responsible for from August 16, 2023, through August 28, 2025. Accordingly, Plaintiffs are entitled to a total of $3,633.97 prejudgment interest against Liu. *See* Ind. Code § 34-51-49. Daily interest on the $70,612.00 owed by Baer of $15.48 will be awarded, for a total of $11,481.28 from August 16, 2023, to August 28, 2025. As discussed in the Court's prior order, interest is simple, not compound.

In addition, Indiana state law provides for an 8% postjudgment interest rate, unless the parties have a contract which provides for a lower rate. Ind. Code § 24-4.6-1-101; Ind. Code § 24-4.6-1-104. An award of postjudgment interest is not discretionary. *Id*. Therefore, postjudgment interest at the rate of 8% per day from the date of this Order through the date of payment will accrue.

E. Alternate claims

Because summary judgment is being granted on the conversion claim, the Court need not address the alternative bases for relief requested by Plaintiffs.

F. Baer's Motion

Baer filed a document called "Dispositive Motion to Resolve the Case" [DE 140]. This motion is repetitive of the document Baer filed on March 27, 2025 [DE 115] which the Court denied on April 9, 2025 [DE 117]. Baer's current document is still not a proper motion, but rather something like an offer of judgment pursuant to Federal Rule of Civil Procedure 68, and it seeks relief that cannot be granted as requested, particularly in light of the various sovereign citizen style assertions and references to non-existent trusts; therefore, it must again be denied.

**III.    Conclusion**

Accordingly, the Court hereby **GRANTS in part** Plaintiffs' Motion for Partial Summary Judgment against Yinan Liu and Chris Baer [DE 134].

The Court **DIRECTS** the Clerk to enter judgment in favor of Plaintiffs Daniel Weiskopf and Elizabeth Weiskopf and against Defendant Yinan Liu and Defendant Chris Baer on the conversion claim in the amount of $97,905.00 for actual damages, enhanced damages of $195,810.00, attorneys' fees of $16,100.00, prejudgment interest at the simple interest rate of 8% through August 28, 2025, in the sum of $15,921, and postjudgment interest at the rate of 8% pursuant to Indiana state law from August 29, 2025, daily until paid.

The Court **DIRECTS** the Clerk to enter judgment in favor of Plaintiffs Daniel Weiskopf and Elizabeth Weiskopf and against Defendant Yinan Liu on the conversion claim in the amount of $22,345.00 for actual damages, enhanced damages of $44,690.00, attorneys' fees in the sum of $16,100.00, prejudgment interest at the simple interest rate of 8% through August 28, 2025 in the sum of $3,633.97, and postjudgment interest at the rate of 8% pursuant to Indiana state law from August 29, 2025 until paid.

The Court **DIRECTS** the Clerk to enter judgment in favor of Plaintiffs Daniel Weiskopf and Elizabeth Weiskopf and against Defendant Chris Baer on the conversion claim in the amount of $70,612.00 for actual damages, enhanced damages of $141,224.00, attorneys' fees in the sum of $16,100.00, prejudgment interest at the simple interest rate of 8% through the date of this judgment in the sum of $11,481.28 from August 16, 2023 to August 28, 2025, and postjudgment interest at the rate of 8% pursuant to Indiana state law from August 29, 2025 until paid.

The Court **DENIES** any relief requested in the pleading filed at [DE 140].

SO ORDERED on 28th day of August, 2025.

                                             s/ John E. Martin
                                             MAGISTRATE JUDGE JOHN E. MARTIN
                                             UNITED STATES DISTRICT COURT

cc:    Plaintiffs Daniel and Elizabeth Weiskopf, *pro se*
        Defendants Chris Baer and Yinan Liu, *pro se*
        Defendant Tiny Cocoons, Inc.